## UNION NAT. BANK OF OMAHA v. HALLEY *et al.*

1. In an action to enforce the liability of a stockholder of an insolvent bank, where it does not affirmatively appear from the complaint that there are other creditors of the bank or other solvent stockholders who have not paid the amount due from them, the question of a defect of parties plaintiff or defendant is not raised by a demurrer to the complaint.

2. Under Const. art. 18, § 3, providing that the stockholders of any banking corporation shall be individually liable for all debts thereof to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such stock, a stockholder of an insolvent South Dakota bank is individually liable to a creditor of the bank up to the par value of his shares, notwithstanding Civ. Code, § 864, providing that the shareholders of every banking association organized under the laws of South Dakota shall be individually responsible equally and ratably, and not one for the other, for all contracts, debts and engagements of the association, since the constitutional provision is self-executing, and the statute must be construed to make it accord therewith.

3. In the absence of a statute requiring creditors of a banking corporation to bring their suit in equity to enforce the individual liability of

shareholders on the insolvency of the bank, a creditor of an insolvent South Dakota bank may proceed against one or more of the stockholders to recover the amount of his indebtedness in an action at law.

4. Under Const. art. 18, § 3, making stockholders of banking corporations organized under the laws of South Dakota individually liable for all contracts, debts and engagements of the bank to the extent of the par value of their stock, in addition to the amount invested in such stock, a creditor may sue a stockholder on a judgment recovered against an in-insolvent banking association.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by the Union National Bank of Omaha against James Halley and another. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*Martin & Mason,* for appellant.

In a suit brought to enforce a stockholder's statutory liability in a state bank, the defendant Halley demurred to plaintiff's complaint upon three grounds:

First, that there is a defect of parties plaintiff, based upon the supposition that there may be other creditors who ought to join with the plaintiff bank in seeking to enforce the liability. It does not appear from the complaint that there are other creditors, hence is not a ground for demurrer, but for answer.

Second, that there is a defect of parties defendant. This is based upon the supposition that there are other stockholders of the defunct bank. The law creating their liability is, that shareholders "shall be individually responsible for all contracts." Civil Code, S. D., Sec. 864, Constitution S. D., Art. 18, Sec. 3.

Where an action at law can be maintained and the sharehold-

er's liability is limited and several, each shareholder being liable for a sum certain, a separate action will lie against each one. 1 Cook Stockholders Sec. 222.

The third ground is that the complaint does not state facts sufficient to constitute a cause of action. The constitution in this state provides "The shareholders or stockholders of any banking corporation shall be held individually responsible and liable for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares or stock." Constitution S. D. Art. 18, Sec. 3; Rev. Civ. Code of S. D., Sec. 868.

Both the wording of the Constitution and the statute have been taken from the United States National Banking Act. U. S. R. S. § 5151.

The question is, whether the complaint shows a "contract, debt or engagement" of a banking corporation when it alleges a judgment obtained against such corporation.

A judgment is a "debt or engagement." 3 Thompson Corporations, § 3117; Kilton v. Providence Co., 48 Atl. Rep. 1040; 1 Cook Stockholders, § 224.

*Charles J. Buell* and *A. K. Gardner*, for respondent.

The liability of stockholders in banking corporations created under the laws of this state is defined by Revised Civil Code, § 864. In all states where the liability, as in South Dakota, is in the nature of a proportionate liability, or if the nature of the liability is such that it is necessary to take an account of stock and debts for the purpose of determining the extent of each stockholder's liability, equally and ratably, and not one for the other, the remedy to enforce the liability is an equitable action

brought by all the creditors or by one of them in behalf of all
the others similarly situated, and against all the stockholders.
Hirshfield v. Fitzgerald, 157 N. Y. 166; Richardson v. Boot,
70 Pac. 454; Zang v. Wyant, 56 Pac. 565; Emmanuel v. Barn-
ard, 99 N. W. 666; Van Pelt v. Gardner, 74 N. W. 1083; Ger-
man National Bank of Lincoln v. Bank, 74 N. W. 1086; Eau
Claire National Bank v. Benson, 106 Wis. 624, 82 N. W. 604;
National Ger. Am. Bank v. Tupley, 56 Minn. 620, 57 N. W.
1065; Rounds v. McCormick, 114 Illinois 252; Harper v. Union
Mfg. Co., 100 Illinois 225; Overmeyer v. Cannon, 82 Ind. 457;
Maine Trust Co. v. Southern Loan Co., 92 Maine 444; Dun-
stone v. Hoptonic Co., 47 N. W. 322; Peck v. Miller, 39 Mich.
594; Hadly v. Russel, 40 N. H. 109; Ladd v. Cartwright, 7 Ore.
329; Pollard v. Bailey, 20 Wall. 520; Terry v. Little, 101 U. S.
216; 3 Clark and Marshall, Private Corporations, p. 2582.

All statutes creating an additional liability on the part of
the stockholders are in derogation of the common law. They
are to be strictly construed. 2 Cook on Stockholders, Sec. 214.

The plaintiff in an action to enforce the statutory liability
of the defendant stockholders must affirmatively show its right
so to do. The complaint nowhere alleges the amount of the
indebtedness of the insolvent bank for which it is claimed de-
fendant and other stockholders may be liable. This allegation
is essential to the complaint stating facts sufficient to consti-
tute a cause of action. Richardson v. Boot, 70 Pac. 454; U. S.
v. Knox, controller, 102 U. S. 425; Crease v. Babcock, 10 Metcalf
525; Coleman v. White, 14 Wis. 762.

The individual liability of the stockholders in insolvent
banks must be restricted in its meaning to such contracts,
debts and engagements as have been duly contracted in the

ordinary course of its business.    Richman v. Irons, 121 U. S.
27; Schrader v. Manufacturer's Bank, 133 U. S. 67; Ward v.
Joslin, 186 U. S. 142; Ward v. Joslin, 100 Fed. 676.

  CORSON, P. J.    This is an appeal by the plaintiff from
an order sustaining the defendants' demurrer to its complaint.
The complaint states, in substance, that the plaintiff is a cor-
poration duly organized under and by virtue of the banking
laws of the United States; that the Minnekahta State Bank was
in May, 1899, and for years prior thereto, a banking associa-
tion or corporation organized and existing under and by virtue
of the laws of the State of South Dakota, and doing business in
the city of Hot Springs; that said bank was organized with a
capital stock of $25,000, divided into 250 shares of the par
value of $100; that defendant James Halley was on, prior, and
subsequent to said date a stockholder in said state bank, owning
and having on the records of said bank 20 shares of stock of
the par value of $2,000; that the plaintiff is the owner and
holder of a judgment against said state bank, duly entered in
the circuit court of Fall River county on May 6, 1899, for the
sum of over $7,000, and that no part of the same had been paid,
and that the whole thereof is due and owing to this plaintiff
with interest thereon; that said state bank is, and has been for
years past, insolvent, and without assets; and that no part of
said judgment is collectible from said bank on execution or
otherwise, and the plaintiff demands judgment for the sum of
$2,000 and its costs.    The defendant Halley interposed a de-.
murrer to said complaint on the grounds (1) that there is a
defect of parties plaintiff; (2) that there is a defect of parties
defendant; (3) that the complaint does not state facts sufficient

to constitute a cause of action.   This demurrer was sustained, and from the order sustaining the same this appeal was taken.

It is contended by the respondent in support of the ruling of the court below (1) that a suit at law by a single creditor against one or more shareholders of an insolvent corporation cannot be maintained in this state, and that the only remedy in such a case is a bill in equity, in which all the creditors, or one in behalf of all, should be made plaintiff, and all persons owning stock in the bank should be made defendants; (2) that the complaint does not state facts sufficient to constitute a cause of action, in that it does not appear from the complaint what was the amount of the outstanding indebtedness of the bank and the names of the stockholders, and the amount due from each, and that these allegations are essential in a complaint to constitute a cause of action; (3) that the plaintiff can only recover upon the original cause of action, and not upon the judgment. The appellant, on the other hand, contends that neither the other creditors nor the other stockholders were necessary parties to the action; that it was not necessary in the complaint to set forth the amount of the indebtedness of the bank to parties other than the plaintiff, or the amount of stock held by other stockholders; and that the indebtedness by judgment comes within the provisions of the law authorizing the recovery of money from stockholders of a state bank. As it does not affirmatively appear from the complaint that there are other creditors of the insolvent corporation or other solvent stockholders who have not paid the amount due from them as such stockholders, the contention that there is a defect of parties plaintiff and parties defendant is not presented by the demurrer, and the question of the defect of parties cannot, therefore,

be considered upon this appeal. The third ground of the demurrer, namely, that the complaint does not state facts suffi-' cient to constitute a cause of action is also in our opinion untenable. Section 864 of the Civil Code provides as follows: "The shareholders of every association organized under this chapter shall be individually responsible, equally and ratably and not one for the other, for all contracts, debts and engagements of such association made or entered into to the extent of the amount of his stock therein, at the par value thereof, in addition to the amount invested in and due on such shares." This section was evidently adopted to carry into effect section 3 of article 18 of the State Constitution, which provides as follows: "The shareholders or stockholders of any banking corporation shall be held individually responsible and liable for all contracts, debts and .engagements of such corporation to the extent of the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares of stock; and such individual liabilities shall continue for one year after any transfer or sale of stock by any stockholder or stockholders." It will be observed that the section of the Constitution is broader and more comprehensive than the section of the statute above quoted, in that it provides that "stockholders of any banking corporation shall be held individually responsible and liable for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein at the par value thereof in addition to the amount invested in such shares of stock." The insertion, therefore, of the clause in the statute, "shall be equally and ratably and not one for the other," must be construed so as to make it accord with the constitutional provision above quoted. The provisions

of the Constitution relating to the liability of stockholders in a banking corporation are self executing, and hence, under the allegations of the complaint, the defendant Halley was absolutely liable to the extent of the par value of his shares of stock for any indebtedness incurred by the banking corporation, and as it appears from the complaint that the plaintiff has a judgment against the banking association, and that the said association is insolvent, and has no assets upon which an execution can be levied; that the judgment is unpaid; and that Halley is a stockholder in said bank, owning 20 shares thereof of the par value of $2,000—we are of the opinion that the complaint does state facts sufficient to constitute a cause of action as against him.   What Halley's rights may be as to contribution from the other stockholders it is not now necessary to decide, as that question is not before us on this appeal.

The contention of the respondent that the action should be by a suit in equity, in which the amount of indebtedness must be set forth, and the names and amount of stock held by the respective stockholders, is not tenable, as no provision is made in the Code for such an action, and this court cannot, without trenching upon the powers of the Legislature require the institution of such an action.   Undoubtedly, it would be competent for the lawmaking power to prescribe a method of procedure by which an insolvent state bank could be placed in the hands of a receiver with authority in the bank examiner to levy the requisite assessments in order to pay off the indebtedness of the banking association, and to authorize the bank examiner or receiver to enforce the collection of such assessments by a suit in equity, in which the right of creditors and stockholders might be carefully guarded.   But in the absence

of such provisions this court cannot prescribe such a proced-
ure or require a creditor of a banking association to assume
the duty of settling up the affairs of such insolvent banking
association by a bill in equity in order to adjust the rights of
the creditors and stockholders. The Constitution having made
the stockholder absolutely liable to the extent of the par value
of his stock for any indebtedness of the association, he may be
required to pay the amount to any creditor who may first bring
an action for the same, and he can only relieve himself from
liability when he has satisfied a creditor or creditors of the
bank to the extent of the par value of his stock. There seems
to be a conflict in the authorities upon this question, but this
conflict arises mainly from the dissimilarity in the statutes of
the various states relating to the liability of stockholders in a
banking association. The decisions from the State of Califor-
nia referred to by the respondent in his brief are clearly not in
point under our statute, as the provisions of the California
Code in reference to liability of stockholders are entirely dif-
ferent from those imposed by our Constitution and the law of
this state. In view of this conflict in the authorities, we are of
the opinion that this court cannot impose upon a creditor the
duty suggested by respondent, and the conclusion reached by
us is that a creditor may proceed against one or more of the
stockholders to recover the amount of his indebtedness in an
action at law.

The contention of the respondent that the plaintiff should
have brought its action upon its original cause of action, and
not upon the judgment, is also untenable. The judgment is
prima facie evidence, at least, as against a stockholder of the
amount due from the banking association, as a judgment comes

clearly within the terms "contracts, debts, and engagements" of such association.

Our conclusion is; therefore, that the circuit court erred in sustaining the defendant's demurrer to the plaintiff's complaint, and the order sustaining the same is reversed, and the circuit court is directed to permit the defendants to file an answer upon such terms as may be just.