## SECURITY STATE BANK et al., Respondents, v. GANNON et al., Appellants.

### (Two cases).

### (168 N. W. 125).

(File Nos. 4362, 4404.    Opinion filed June 25, 1918.

**Interest—Bank Stockholders' Constitutional Liability, When Interest Runs on—Judgment Fixing Liability, as Interest Date— Examiner's Assessment, Immateriality of.**

> Interest on the amount of a bank stockholder's constitutional liability, under Const., Art. 18, Sec. 3, begins to run from date of judgment determining such liability, and not from date of a bank examiner's attempted assessment, made prior to entry of such judgment. So held, in a suit by such examiner to enforce such liability.

> Gates, J., not sitting.

Appeal from Circuit Court, Faulk County.    Hon. Thos. L. Bouck, Judge.

Actions by the Security State Bank and J. L. Wingfield, as Public Examiner of South Dakota, against F. B. Gannon and others, to enforce the constitutional liability of certain defendants as bank stockholders, and for other relief; and by the same plaintiffs against F. B. Bannon, Andrew Boller, and others, for certain relief.    From the judgment in the first case, F. B Gannon and others appeal; and from the judgment in the second case, Robert J. Seaman, as administrator of the estate of Albert W. Morse, deceased, and others, appeal.    Modified and affirmed.

*Crofoot & Ryan,* for Appellants *F. B. Gannon, O. H. Christian, J. H. Suttle,* and *S. H. Jumper.*

*Null & Royhl,* for Appellants *Robert J. Seaman, Alice H. Morse, Albert W. Morse,* and *George H. Morse,* and *Alice H. Morse* as guardian of *Albert W. Morse* and *George H. Morse,* minors.

*F. E. Snider,* and *E. E. Wagner,* for Respondents.

Respondents cited:

Laws 1911, Ch. 256, Sec. 24; Const. Art. 18, Sec. 3; Adams v. Clark, 10 Am. & Eng. Ann. Cas. 774 (Colo.).

WHITING, P. J. Two appeals in this action have been submitted together. This cause has been before us upon a former appeal, and our decision therein will be found reported in Security State Bank v. Gannon, 39 S. D. 232, 163 N. W. 1040. Reference is made to such decision for a statement of the nature of the action and for our holdings therein. After the decision upon such former appeal the trial court made a finding, based upon evidence taken before such appeal, which finding was to the effect that the public examiner had levied an assessment on each of the defendant stockholders, requiring payment on or before May 25, 1914, of an assessment equal to the par value of stock owned. The trial court then entered judgment against the present stockholders holding them primarily liable for the amount of such assessments with interest from May 25, 1914, and entered judgment against the former stockholders holding them secondarily liable to the amount of their stock with interest from May 25, 1914. The trial court denied the claim of the minors for reimbursement for life insurance moneys belonging to such minors and which had been used by their mother in the reorganization of the bank. It also denied the claim of the administrator of the estate of Albert W. Morse for reimbursement for moneys of such estate used by Mrs. Morse in the reorganization of said bank. From such judgment certain of the new stockholders, the said administrator, the guardian of the minors, and Mrs. Morse have appealed.

All the appellants question the correctness of that part of the judgment allowing interest from the date of the alleged assessment. The administrator and the guardian contend that the court erred in not allowing their claims for reimbursement.

The claims for reimbursement were correctly disallowed. It was the intention of this court, which intention, we think, clearly appears from the words of our former opinion, to hold the bank exempt from any liability to the minors or the estate of Albert W. Morse.

Appellants attack upon various grounds the allowance of interest upon the amounts for which they are held as stockholders. As we view this matter, it becomes necessary to consider but one

of these grounds. Appellants contend that, because of the nature of the action, the court had no jurisdiction to find that there had been an assessment and to render judgment on such assessment. In this we think appellants are clearly correct. The action brought by the public examiner was in no sense an action to recover the amount due upon assessments theretofore made. There was no allegation that any assessment had been made. It was an action wherein, among other things, the public examiner sought to hold the stockholders upon their constitutional liability and to have the court fix the amount and nature of such liability. It therefore is unnecessary for us to determine whether the public examiner has power to levy an assessment without the direction or approval of the court; no such a question could properly arise under the pleadings. It follows that until there was a judgment of the court determining the amount of the liability of a stockholder such liability had in no manner become liquidated so as to bear interest.

The amount of such liability, to wit, the par value of the stock, was adjudicated in the first judgment appealed from. Such judgment covered numerous matters erroneously determined by the trial court. There is nothing in our former decision reversing the trial court's adjudication as to the amount of defendant's liability, though we did hold that the trial court erred in the determination of the nature of the former stockholders' liability. Under such former judgment the amount of liability was determined. The decision of this court sustained the holding of the trial court in that respect.

We are therefore of the opinion that the judgment now before us on appeal should be modified to the extent of allowing interest from the date of the former judgment, March 21, 1916, instead of from May 25, 1914.

As so modified, the judgment is affirmed, without costs.

GATES, J., not sitting.