SMITH, Superintendent of Banks, Respondent, v. OLSON, Appellant.

(208 N. W. 585.)

(File No. 6073.   Opinion filed April 16, 1926.)

1. **Constitutional Law—Stockholders' Liability.**

Const., Art. 18, Sec. 3, providing for bank stockholders' liability, is self-executing, and liability thereby created cannot be varied or diminished by legislative act.

2. **Banks and Banking—Primary Liability of Bank Stockholder May Be Enforced at Any Time by Any "Creditor" Against Any Stockholder in Action at Law Before Bank Is Closed (Const., Art. 18, Sec. 3; Rev. Code 1919, Sec. 8937).**

Primary liability of bank stockholder under Const., Art. 18, Sec. 3, may be enforced at any time by any creditor against any stockholder in action at law, except after bank has been closed, when it can be brought only after superintendent of banks has refused to do so, in view of Rev. Code 1919, Sec. 8937; "creditor" meaning holder of and person entitled to enforce any contract, debt, or engagement of bank.

3. **Banks and Banking—Bank Creditor, to Enforce Stockholder's Liability, Must Show that He Is Creditor, that Defendant Is Stockholder, Amount of Liability, and Par Value of Stock (Const., Art. 18, Sec. 3).**

Bank creditor, in action against stockholder to enforce liability under Const., Art. 18 Sec. 3, need not show bank's insolvency or exhaustion of remedies against it, but only that he is holder of and entitled to enforce contract, debt, or engagement of bank, that defendant is stockholder or was such within year preceding accrual of liability, amount of liability, and par value of defendant's stock.

4. **Banks and Banking—Legislature May Prescribe Method of Procedure for Enforcement of Bank Stockholder's Liability in Case Bank Is Closed (Const., Art. 18, Sec. 3).**

Though primary liability of bank stockholder under Const., Art. 18, Sec. 3, cannot be varied or diminished by Legislature, it may prescribe, within certain limits, method of procedure for enforcement of such liability in case bank is closed.

5. **Banks and Banking—Evidence—Determination of Insufficiency of Bank's Assets by Superintendent of Banks, Though Admissible Only to Establish Right to Bring Action to Enforce Stockholder's Liability, Cannot Be Controverted, and Need Not Be Established by Best Evidence (Rev. Code 1919, Secs. 8925, 8926, 8937, 8943; Const., Art. 18, Sec. 3; Laws 1909, c. 222;**

Rev. Code 1919, Sec. 8993; Rev. St. U. S. Sec. 5234 [U. S. Comp. St., Sec. 9821]).

In action by superintendent of banks under Rev. Code 1919, Secs. 8925, 8926, 8937, 8943, to enforce liability of stockholders of closed bank, provided by Const., Art. 18, Sec. 3, and part of Laws 1909, c. 222, which became Rev. Code 1919, Sec. 8993, superintendent's determination of insufficiency of bank's assets, which , with closing of bank must be shown to establish his right to bring action as plaintiff, was admissible only to estab- lish such right; rule being different than under Rev. St. U. S., Sec. 5234 (U. S. Comp. St., Sec. 9821), but determination could not be controverted by defendant, and need not be established by best evidence when introduced for such purpose.

6. Banks and Banking—Evidence—Trial—Superintendent of Banks, in Enforcing Liability of stockholders, Must Make Same Proof on Merits That Is Required in Action by Creditors (Rev. Code 1919, Secs. 8925, 8926, 8937, 8943; Const., Art. 18, Sec. 3; Laws 1909, c. 222, Code 1919, Sec. 8993).

In action by superintendent of banks under Rev. Code 1919, Secs. 8925, 8926, 8937, 8943, to enforce liability of stockholders of closed bank provided by Const., Art. 18, Sec. 3, and part of Laws 1909, c. 222, which became Rev. Code 1919, Sec. 8993, plaintiff, after showing closing of bank and his determina- tion of insufficiency of assets, must make same proof on merits that would be required if creditors were bringing action.

7. Evidence—Determination by Superintendent of Banks that Assets of Closed Bank Were Insufficient to Meet Liabilities Held Hearsay and Not Best Evidence in Making Proof on Merits in Action to Enforce Stockholder's Liability (Rev. Code 1919, Secs. 8925, 8926, 8937, 8943, 8993; Const., Art. 18, Sec. 3).

Determination, either by examiner in charge of closed bank or by superintendent of banks, that assets of closed bank were insufficient to meet liabilities, held hearsay and not best evidence in making proof on merits in action by superintendent under Rev. Code 1919, Secs. 8925, 8926, 8937, 8943, to en- force stockholder's liability under Const., Art. 18, Sec. 3, and Rev. Code 1919, Sec. 8993.

Note.—See, Headnote (1), American Key-Numbered Digest, Con- stitutional law, Key-No. 34, 12 C. J. Sec. 136; (2) Banks and bank- ing, Key-No. 49(6), 7 C. J. Secs. 85, 110, 111 (Anno.); (3) and (6), Banks and banking, Key-No. 49(8), 7 C. J. Sec. 115 (Anno.); (4) Constitutional law, Banks and banking, Key-No. 44, 12 C. J. Sec. 136; (5) Banks and banking, Key-No. 49(8), 7 C. J. Sec. 114 (Anno.), Evidence, Key-No. 157(1), 22 C. J. Sec. 1221; (7) Evi- dence, Key-Nos. 158(26), 314(1), 22 C. J. Secs. 167, 1294.

Appeal from Circuit Court, Brookings County; Hon. W. W. Knight, Judge.

Action by F. R. Smith, State Superintendent of Banks, in behalf of the creditors of the Commercial & Savings Bank of Sioux Falls, against F. B. Olson. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Hall & Purdy*, of Brookings, for Appellant.
*M. G. Luddy*, of Sioux Falls, for Respondent.

CAMPBELL, J. Action by plaintiff, as superintendent of banks of the state of South Dakota in charge of the closed Commercial & Savings Bank of Sioux Falls, to recover from defendant the full amount of his liability as a stockholder in said bank. Verdict and judgment were for the plaintiff, from which judgment and an order denying his motion for new trial defendant appeals.

Appellant contended that, although he was a stockholder of the closed bank according to its books and records, he was not such in fact, claiming that his stock subscription was obtained by false and fraudulent representations and rescinded by him upon learning of the fraud, under such circumstances that he never in fact became a stockholder of the institution. The verdict of the jury necessarily determined this point adversely to appellant. We have examined the errors assigned in this connection, and are of the opinion that the fact question as to whether or not appellant was a stockholder was submitted to the jury under proper instructions, and that the evidence is sufficient to support the verdict in that particular.

Appellant further makes apt assignments of error to present the question of whether or not respondent has made sufficient showing to justify recovery, even assuming the propriety of the determination that appellant was a stockholder. The pleadings admit the official capacity of respondent, the corporate entity of the Commercial & Savings Bank, and that on or about January 24, 1924, respondent as superintendent of banks of the state of South Dakota, took said bank and all of its property into his possession, and that respondent demanded payment of stockholders' liability from appellant, which demand was refused. Beyond these admissions of the pleadings, and aside from

evidence going to the disputed ·question of whether or not appellant was in fact a stockholder, the only evidence offered by respondent in support of its complaint was the testimony of one Witten substantially as follows:

"I was appointed as examiner in charge of the bank February 25, 1924, and have acted in that capacity continuously since. During the time I was in charge of the bank as examiner, and down to and immediately preceding the institution of this action on May 13, 1924, as representative of the superintendent of banks of the state of South Dakota, I examined into the assets and liabilities of the bank. Prior to the institution of this action, it appeared to me, as examiner in charge appointed by the superintendent of banks, that the value of the assets of the bank were and are insufficient to pay its liabilities. Prior to the institution of this action, in my official capacity as examiner in charge, I orally reported to the superintendent of banks my findings as to the insufficiency of the value of the assets to meet the liabilities. In this conference I reported to the superintendent of banks my survey of the assets and liabilities. He orally instructed me to proceed with the collection of the stockholders' liability. We went over the assets and liabilities. I was informed by the superintendent of banks that the assets were insufficient to meet the liabilities of the bank. He instructed me first to make a demand on all stockholders, and, in the event of inability to make collection in that manner, to start an action to enforce stockholders' liability. I proceeded to follow the instructions."

This testimony was admitted by the learned trial judge over detailed objections by appellant, sufficient in every respect to raise all available questions as to its materiality, competency and sufficiency, and the assignments and record in this case present squarely the questions of when the superintendent of banks can bring an action to enforce stockholders' liability, what issues he must present and maintain, and what proof he must submit therein to establish a prima facie case for recovery.

The individual liability of the shareholder of a banking corporation in this state is established by article 18, § 3, Constitution, reading as follows:

"The shareholders or stockholders of any banking corporation shall be held individually responsible and liable for all con-

tracts, debts and engagements of such corporation to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock; and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

This constitutional provision stood alone until the establishment of the state banking department by chapter 222, Laws 1909, at which time there was included as a part of said act section 41 of article 2 thereof, which, without substantial change has now become section 8993, Rev. Code 1919, reading as follows:

*"Stockholders' Liability.* The stockholders of every bank shall be individually liable, equally and ratably, not one for another, for the benefit of the creditors of the bank to the amount of their stock at par value thereof, in addition to the amount invested in such stock. Such liability shall continue for one year after any transfer of stock, as to the affairs of the bank at the time and prior to the date of the transfer; provided, that persons holding stock as executors, administrators. guardians or trustees; persons holding stock as collateral security which has not been transferred of record upon the books of the bank, to the name of the person holding the same; and persons holding a collateral pledge covering such stock which has not been foreclosed and judgment entered thereon, shall not be personally liable as stockholders, but the assets or funds in their hands constituting the trust shall be liable to the same extent as the testator, intestate, ward or person interested in such trust fund would be if living or competent to act, and the person pledging such stock shall be deemed the stockholder and liable under this section."

The same act (chapter 222, Laws 1909), by section 13, article 1, thereof (which with some changes has now become section 8937, Code 1919), made provision for the public examiner (ex officio superintendent of banks), after the closing of an incorporated bank, under certain circumstances, to institute "proper proceedings, in the name of the bank, for the collection of the liability of the stockholders of such bank." At the present time section 8925, Code 1919, sets forth a number of circumstances under which the superintendent of banks, when the existence of such circumstance shall appear to him—

"may forthwith take possession of the property and business of such bank or trust company and retain such possession until such bank or trust company shall resume business or its affairs be finally liquidated."

Section 8926, Code 1919, provides that any bank deeming itself aggrieved by the taking possession of its property and business by the superintendent of banks may, within ten days thereafter, apply to the circuit court for an injunction, whereupon the court after hearing may either dismiss the application or enjoin the superintendent of banks and direct him to return the business and property to the bank. The statutory provisions for the closing and taking possession of banks by the superintendent of banks are followed by section 8937, Code 1919, which reads as follows:

"*Liability of Stockholders.* If at any time after the closing of any bank or trust company, it shall appear to the superintendent of banks that the assets of such institution are insufficient to pay its liabilities, it shall be the duty of such superintendent to immediately institute proceedings against its stockholders for the collection of an amount, not exceeding the legal liability of such stockholders, sufficient to discharge the liabilities of such bank or trust company. All sums so collected shall be deemed a part of the assets of such bank or trust company, and be distributed pro rata to the creditors thereof, in the same manner as other assets. No action by any creditor against any stockholder of any bank or trust company to enforce his liability shall be maintained, unless it shall appear to the satisfaction of the court that the superintendent of banks has refused to commence action as herein provided."

Section 8943, Code 1919, provides:

"*Copies as Evidence.* Copies of all records and papers in the office of the superintendent of banks, certified by him and authenticated by his seal of office, shall be evidence in all cases equally and of like effect as the original."

Under these constitutional and statutory provisions, and upon the record herein, the respective contentions of appellant and respondent with reference to the showing necessary to establish a prima facie case in this action, and the method of evidencing the same, may fairly be set out as follows:

Appellant maintains: First. That the superintendent of banks, or, in his absence or inability to act, his deputy, is the only official possessing power under section 8937, Code 1919, to decide that the assets of a bank after closing are insufficient to pay its liabilities, and that such decision cannot be made by an examiner in charge nor based on the mere opinion of such examiner. Second. That such decision is an official act, and cannot be proved by a mere hearsay statement of an examiner in charge, or any one else, but can be proved only in the manner indicated by section 8943, Code 1919. Third. That such decision by the superintendent of banks, while a condition precedent to his bringing an action as plaintiff, is admissible in evidence solely for the purpose of establishing his right to bring the action and to be the plaintiff therein, and does not prove or tend to prove the merits of the action. Fourth. That, assuming the right of the superintendent of banks to bring the action to be thus established, he must thereafter sustain therein the same burden of proof as though a creditor were plaintiff, and must show affirmatively the insolvency of the bank, and the ex parte determination by the superintendent of banks that the assets of the bank are insufficient to pay its liabilities is not sufficient to prove, and is not admissible upon, that issue.

Respondent, on the other hand, maintains: First. That the fact that, after the closing of the bank, it appeared to the superintendent of banks that its assets were insufficient to pay its liablities was sufficiently and properly proved in the instant case. Second. That such decision by the superintendent of banks is admissible, not only as showing his right to bring action as plaintiff, but upon the merits of the action. Third. That the making of such decision by the superintendent of banks is conclusive upon all stockholders, and that proof of his making of such decision is admissible upon the actual issue of insolvency vel non, and establishes, not only a prima facie, but a conclusive, case upon the merits.

It will be seen that the substance of respondent's contention is to apply to the instant situation the doctrine of the federal decisions under the National Banking Act, and particularly under section 5234, Rev. Stat. U. S. (U. S. Comp. St. § 9821), which provides that the receiver of a national bank may, under the di-

rection of the Comptroller, "if necessary to pay the debts off such association, enforce the individual liability of stockholders." Respondent propounds the view that, if a state bank is closed and possession thereof taken by the superintendent of banks, and he is not enjoined within 10 days, as provided by section 8926, Code 1919, he may at any time thereafter determine that the assets of the bank are insufficient to pay its liabilities, and that it is necessary to enforce the individual liability of stockholders; that he may thereupon institute an action against a stockholder for that purpose, in which action he fully and conclusively proves both his right to institute the action as a party plaintiff and the merits thereof by showing that he made such decision; that the propriety of his said decision upon the facts cannot be questioned in such action, and practically the only thing the defendant can litigate therein is such matters as may go to the question of whether or not he is in fact a stockholder.

A solution of these opposing contentions necessitates some investigation as to the nature of the liability imposed upon stockholders and the interpretation of the statute authorizing action thereon by the superintendent of banks.

[1, 2] The stockholders' liability is created as hereinbefore pointed out by the constitutional provision (article 18, § 3), and has been somewhat considered by this court in the cases of Union Bank v. Halley, 104 N. W. 213, 19 S. D. 474; Security State Bank v. Gannon, 163 N. W. 1040, 39 S. D. 232; Id. 168 N. W. 125, 40 S. D. 495; Hirning v. Oppold, 201 N. W. 721, 48 S. D. 70; and Hirning v. Forsberg, 206 N. W. 471, 49 S. D. 46. By these cases it has been determined that this provision of the Constitution is self-executing, and that the liability thereby created cannot be varied, or at least cannot be diminished, by legislative act, that such liability is absolute and need not be enforced by a general creditor's bill in equity, but that any one or more creditors (and by the word "creditor" we mean the holder of and person entitled to enforce any "contract, debt, or engagement" of the bank) may proceed against any one or more stockholders in an action at law    Whether in such action a creditor must allege and prove that the bank is insolvent, or that he has exhausted his remedies against the bank, and whether the stockholders' liability as prescribed by the Constitution is primary or secondary in its nature,

are questions that have not been squarely presented to or passed upon by this court. Individual stockholders' liability exists in' many states, not only as to banks but also as to general business corporations in many instances, with varying restrictions and limitations and is established in some states by constitutional provisions and in others by statute. As pointed out by Lumpkin, J., in Lamar v. Taylor, 80 S. E. 1085, 141 Ga. 228, whether such liability is held to be primary or secondary depends much upon the language of the statute or Constitution under consideration. We recognize that the nature of such liability, under constitutional or statutory provisions similar to our own, is a matter of some conflict upon the decisions. In some states such liability is held to be primary and analogous to the individual liability of the members of a partnership, while in others it is held to be secondary and in the nature of suretyship or guaranty. Our constitutional provision is absolute and unconditional in terms. It does not in any wise purport to condition the liability upon a default of the bank or a failure of bank assets. We believe that by this provision the freedom from individual liability for the debts of a business as such which is normally conferred by conducting such business by means of a corporation rather than by means of a copartnership, is removed pro tanto, and that the stockholders stand on the same footing regarding individual liability as though they were copartners, save only that the liability of each is limited to an amount equal to the par value of his stock. As illustrating and supporting this view, we cite Coleman v. White, 14 Wis. 700, 80 Am. Dec. 797; Fuller v. Ledden, 87 Ill, 310; Davidson v. Rankin, 34 Cal. 503; Ellsworth v. Bradford, 199 P. 335, 186 Cal. 316; Bridges v. Fisk, 200 P. 71, 53 Cal. App. 117; Parker v. Carolina Savings Bank, 31 S. E. 674, 53 S. C. 583, 69 Am. St. Rep. 888.

[3] This liability being primary and, so far as the constitutional provision alone is concerned, susceptible of enforcement by the individual creditor in an action at law against the individual stockholder (Union Bank v. Halley, supra), we are of the opinion that the creditor in such action establishes his case by showing that he is a creditor, as we have defined that term above, the amount due upon his claim, that the defendant is a stockholder, or was a stockholder at any time within one year preced-

ing the accrual of liability as between the creditor and the bank (Hirning v. Forsberg, supra), and the par value of defendant's stock. Whether other creditors may intervene in such action, or whether defendant may cause other stockholders to be brought into action, to the end that the rights of creditors as between themselves or the rights of stockholders as concerns one another may be therein litigated, are questions not involved in this appeal, and we do not undertake to pass thereon in this opinion.

[4-6] Assuming the liability of the stockholder to be absolute and primary as above indicated, and so imbedded in the Constitution as not to be subject to variation or diminution by the Legislature, yet, as pointed out in Union Bank v. Hadley, supra, it would undoubtedly be competent for the Legislature to prescribe, within certain limits, a method of procedure for the enforcement of such liability in the case of a closed bank, and our next question is how far the lawmaking power has proceeded in that regard by section 8937, Code 1919. This court has previously determined (Hirning v. Oppold, supra) that the liability which the superintendent of banks is thereby authorized to enforce in certain instances is the identical liability created by the Consttution. It must be remembered that the liability established by the Constitution is a liability, not when it may appear to the superintendent of banks that creditors of the bank exist or that the bank assets are insufficient to meet its' liabilities, but when as a matter of actual fact creditors do exist who are entitled to enforce such liability or have it enforced in their behalf. The defendant stockholder is entitled to a judicial determination of the existence of such fact. Doubtless it would be within the legislative power to make the appearance of that fact to the superintendent of banks prima facie evidence of its actual existence in a suit thereon, but in the section of the statute under consideration we find no apt words to express such an intention. We believe that by section 8937 the superintendent of banks is authorized to bring an action to enforce stockholders' liability upon two conditions: First, that the bank be closed; and, second, that it has appeared to the superintendent of banks that the assets of the bank are insufficient to pay its liabilities. In such action the superintendent of banks, as plaintiff, represents all creditors who are entitled to the benefit of the constitutional provision, and upon the merits must make

the same proof, neither more or less, that a creditor would have to make. But, in addition, to establish his standing as party plaintiff, he must first prove the closing of the bank and his determination that its assets are insufficient to meet its liabilities, which proof goes only to his right to maintain the action, and is neither conclusive, prima facie, nor admissible upon its merits. In so far as it goes to his right to maintain the action, the mere fact of such determination after the closing of the bank is sufficient. If in fact creditors exist in whose behalf the constitutional liability is enforceable, which fact the superintendent of banks must establish before he can succeed upon the merits, it is not particularly material to the defendant stockholder whether such action is brought by a creditor, or by the superintendent of banks in behalf of the creditor, and he is not entitled to question the correctness of the determination by the superintendent of banks that the assets were insufficient to meet the liabilities or the manner in which he arrived at such determination, and proof of such determination, since it goes only to the right of the superintendent of banks to maintain the action as party plaintiff, and not to any question of defendant's liability, is upon a collateral issue, and need not be by the best evidence. We are further of the opinion that section 8937, including the last sentence thereof, which prohibits an action by a creditor against a stockholder to inforce stockholders' liability, unless it shall appear to the satisfaction of the court that the superintendent of banks has refused to commence such action, has application only in cases where a bank has been closed and possession thereof taken by the superintendent of banks.

Summarizing our conclusions, we are of the opinion: First. That the stockholders' liability created by section 3, art. 18, Constitution, is absolute and primary, and may be enforced at any time by any creditor against any stockholder in an action at law, excepting only that, after a bank has been closed and taken into possession by the superintendent of banks, the creditor cannot bring such action without first showing to the satisfaction of the court that the superintendent of banks has refused so to do. Second. In such action the creditor need not show the insolvency of the bank or an exhaustion of his remedies against the bank, but only that he is the holder of and the person entitled to enforce

a contract, debt, or engagement of the bank, and that the defendant is a stockholder of such bank, or was such stockholder within a year preceding the accrual of liability from the bank to the plaintiff upon such contract, debt, or engagement, and, of course, the amount of such contract, debt, or engagement and the par value of defendant's stock. Third. That, after a bank is closed and taken into possession by the superintendent of banks, if it appears to him that its assets are insufficient to meet its liabilities, he may bring action to enforce stockholders' liability, in which action he represents the creditors who would otherwise themselves be entitled to bring such action, and in which action he must first show the closing of the bank and his determination of the insufficiency of its assets in order to establish his right to bring the action as plaintiff, and the propriety of such determination cannot be controverted by defendant, and need not be established by the best evidence, but the superintendent of banks must thereafter make the same proof upon the merits that would be required if the creditors themselves were bringing the action, and the superintendent's determination of insufficiency of assets is not admissible upon the merits.

[7] Applying this view of the law to the contentions raised upon this appeal, we hold that the determination by the superintendent of banks of the insufficiency of the assets to meet the liabilities after the closing of the bank was sufficiencly proved for the only purpose for which it was admissable, namely, for establishing his right to bring the action as plaintiff; but there is an entire absence of any proper or admissible evidence from which the court could judicially determine that there were in fact any contracts, debts, or engagement of the bank upon which defendant might be liable, or the amount thereof, and upon that issue the extrajudicial statement or determination, either by the examiner in charge, or by the superintendent of banks, that the assets were insufficient to meet the liabilities, was hearsay and not the best evidence, and objection thereto should have been sustained.

The order and judgment appealed from are reversed, and the case is remanded for a new trial.

MISER, Circuit Judge, sitting in place of SHERWOOD, J.