BUSH, Respondent, v. LIEN, et al, Appellants.

(228 N. W. 372.)

(File No. 6714.   Opinion filed December 31, 1929.)

*Waddel & Dougherty,* of Webster, for Appellants.

*Babcock & Babcock,* of Sisseton, *L. H. Woodworth,* of Webster, and *C. C. Bush,* of Waubay, for Respondent.

CAMPBELL, J.   Plaintiff's complaint in this action alleged, in substance: That on October 8, 1926, and for many years prior thereto, the State Bank of Waubay was a banking corporation created and organized under the laws of this state, and doing business at Waubay, S. D., having a capital stock of $20,000 divided into 200 shares of the par value of $100 each. That, on and prior to said date, defendants were the sole stockholders of said bank and the record owners of all its capital stock, specifying the number of shares of said capital stock and the par value thereof owned by each of said defendants respectively on said date. That, on and prior to said date, said bank was indebted to plaintiff as a creditor of said bank for a certain balance upon open checking account in his name and upon certain specified and described certificates of deposit aggregating $731.11. The complaint then proceeds as follows:

"IV.   That each of said certificates of deposit were issued by said State Bank of Waubay on the day they bear date, and were issued for deposits made in said bank for the amount of the face, and each of said certificates were payable in six or twelve months from date with interest from date at the rate of 4 per cent per annum until maturity, and all of said certificates of deposit were debts, contracts and engagements of said bank from and since the dates of the same.

"V.   That the plaintiff is now owner and holder of all said deposits herein listed, and each and all of the same are past due, and demand for payment has been made, and no part of said deposits and debts have been paid, and there is now due and owing to the plaintiff on said deposits the face of said deposits as so listed with interest at the rate of 4 per cent from date for one year, and thereafter at the rate of 7 per cent after maturity of said certificates.

"VI. That on or about the 8th day of October, 1926, the said State Bank of Waubay suspended business and its affairs were taken in charge by the Superintendent of Banks, and the plaintiff has requested the Superintendent of Banks to commence action against the stockholders of said bank to recover and enforce the liability imposed by Section 3 of Article 18 of the Constitution for the benefit of the creditors of said bank, and the Superintendent of Banks has failed and refused to bring or maintain such action.

"Wherefore the plaintiff demands judgment against the defendants for the sum of seven hundred thirty one dollars and eleven cents with interest at the rate of 4 per cent and 7 per cent as per conditions of said certificates of deposit, and for the costs of this action."

To this complaint defendants interposed a demurrer on the following grounds:

"I. That the said complaint upon its face does not state facts sufficient to constitute a cause of action.

"II. That it appears on the face of said complaint that plaintiff has not legal capacity to sue or to institute and maintain this action.

"III. That it appears on the face of said complaint that there is a misjoinder of parties plaintiff."

The learned trial judge duly made and entered his order overruling said demurrer and all thereof, from which order defendants have appealed.

Inasmuch as there is but one person named as plaintiff, and he sues solely in his individual capacity, it is difficult to understand upon what theory it could possibly be maintained that there is a misjoinder of parties plaintiff. Of course there is not.

With reference to the second ground of demurrer, it may be availed of only in those cases where it appears upon the face of the complaint that "there is some legal disability such as infancy, lunacy, or want of title in the plaintiff to the character in which he sues." First National Bank v. Eddy, 47 S. D. 297, 198 N. W. 554.

" * * * The question is, not whether the complaint shows the plaintiffs entitled to maintain the action which they bring, but whether the complaint shows that they personally have not legal capacity to sue." Bem v. Shoemaker, 7 S. D. 510, 64 N. W. 544.

·Certainly there is nothing in the complaint in this case from which it might be said that plaintiff suffers under any legal disability which would prevent him from bringing an action in court in his own name.

With reference to the first ground of demurrer, it appears that this is an action brought by the plaintiff as a creditor of a bank, to enforce the constitutional and statutory liability of the stockholders of said bank contemplated by section 3, art. 18, Constitution of South Dakota, and section 8993, Rev. Code 1919. Our statute also provides (section 8937, Rev. Code 1919) that an action may be brought by the superintendent of banks to enforce such liability in certain cases and under certain circumstances. It also appears from the complaint in this case that the bank in question has been suspended and is in charge of the state superintendent of banks, and that said superintendent of banks has refused to commence action to enforce stockholder's liability.

This court had occasion in the case of Smith v. Olson, 50 S. D. 81, 208 N. W. 585, 588, to consider at some length the constitutional and statutory provisions of this state with reference to the liability of stockholders in banking corporations and to examine and analyze previous decisions relating thereto. In that case this court had under consideration the nature of such liability, the parties who might enforce it, the circumstances under which it might be enforced, and the showing necessary to be made in an action to enforce it, and the court said in part as follows:

"By these cases it has been determined that this provision of the Constitution is self-executing, and that the liability thereby created cannot be varied, or at least cannot be diminished, by legislative act, that such liability is absolute and need not be enforced by a general creditor's bill in equity, but that any one or more creditors (and by the word 'creditor' we mean the holder of and person entitled to enforce any 'contract, debt, or engagement' of the bank) may proceed against any one or more stockholders in an action at law. * * * Our constitutional provision is absolute and unconditional in terms. It does not in any wise purport to condition the liability upon a default of the bank or a failure of bank assets. We believe that by this provision the freedom from individual liability for the debts of a business as such, which is normally conferred by conducting such business by means of a corporation

rather than by means of a copartnership, is removed pro tanto, and that the stockholders stand on the same footing regarding individual liability as though they were copartners, save only that the liability of each is limited to an amount equal to the par value of his stock. * * *

"This liability being primary and, so far as the constitutional provision alone is concerned, susceptible of enforcement by the individual creditor in an action at law against the individual stockholder (Union Bank v. Halley [19 S. D. 474, 104 N. W. 213], supra), we are of the opinion that the creditor in such action establishes his case by showing that he is a creditor, as we have defined that term above, the amount due upon his claim, that the defendant is a stockholder, or was a stockholder, at any time within one year preceding the accrual of liability as between the creditor and the bank (Hirning v. Forsberg [49 S. D. 46, 206 N. W. 471], supra), and the par value of defendant's stock. Whether other creditors may intervene in such action, or whether defendant may cause other stockholders to be brought into the action, to the end that the rights of creditors as between themselves or the rights of stockholders as concerns one another may be therein litigated, are questions not involved in this appeal, and we do not undertake to pass thereon in this opinion. * * *

"Summarizing our conclusions, we are of the opinion: First. That the stockholders' liability created by section 3, art. 18, Constitution, is absolute and primary, and may be enforced at any time by any creditor against any stockholder in an action at law, excepting only that, after a bank has been closed and taken into possession by the superintendent of banks, the creditor cannot bring such action without first showing to the satisfaction of the court that the superintendent of banks has refused so to do. Second. In such action the creditor need not show the insolvency of the bank or an exhaustion of his remedies against the bank, but only that he is the holder of and the person entitled to enforce a contract, debt, or engagement of the bank, and that the defendant is a stockholder of such bank, or was such stockholder within a year preceding the accrual of liability from the bank to the plaintiff upon such contract, debt or engagement, and, of course, the amount of such contract, debt, or engagement and the par value of the defendant's stock."

The allegations of the complaint herein come squarely within the holding of this court in ,Smith v. Olson, supra.

The order overruling the demurrer is affirmed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.