ANDERS, et al, Respondent, v. KISER, Appellant.

(256 N. W. 115.)

(File No. 7712. Opinion filed July 30, 1934.)

R. W. *Hutchinson,* of White River, for Appellant.
C. E. *Kell,* of White River, for Respondents.

ROBERTS, P. J.   The assets of an insolvent bank may be liquidated under the supervision of a board of trustees selected by the depositors and unsecured creditors of such bank.   Chapter 57, Laws 1927, as amended by chapter 90, Laws of 1931.   The board of trustees is authorized under the provisions of chapter 53, Laws 1933, to enforce the liability of stockholders in the bank.   This statute reads as follows: "Whenever the assets of an insolvent bank are being liquidated by a Board of Trustees or Corporation, under the provisions of Chapter 57 of the Session Laws of 1927, as amended by Chapter 90 of the Session Laws of 1931, and it shall appear to the Board of Trustees or Corporation that the assets of such institution are insufficient to pay its liabilities, it shall be the duty of such Board of Trustees or Corporation to immediately institute proceedings against the stockholders of such bank for the collection of an amount, not exceeding the legal liability of such stockholders, sufficient to discharge the liabilities of such bank.   All sums so collected shall be deemed a part of the assets of such bank, and be distributed pro rata to the creditors thereof, in the same manner as other assets.   No action by any creditor against any stockholder of such bank to enforce his liability shall be maintained unless it shall appear to the satisfaction of the court that the Board of Trustees or Corporation has refused to commence action as herein provided."

Plaintiffs, trustees of the Mellette County Bank of Wood, S. D., brought this action for the purpose of enforcing as against the defendant the amount of his liability as a stockholder.   Defendant demurred to the complaint on the ground that the same did not state facts sufficient to constitute a cause of action.   The demurrer was overruled, and defendant appeals.

The complaint alleges that the bank "is insolvent and that the

assets thereof will not satisfy the creditors" of the bank. Defendant contends that the complaint does not show that plaintiff board is entitled to maintain this action; that where an action is brought by a board of trustees to enforce the liability of a stockholder it must be alleged that the board of trustees has determined that the assets of the bank are insufficient to pay its liabilities; and that the allegation that the bank is insolvent is a pleading of a conclusion and not sufficient to entitle plaintiffs to make proof that they have made a determination under the statute. Chapter 53, Laws 1933, is substantially in the language of section 8937, Rev. Code 1919; the words "Board of Trustees or Corporation" are substituted for "Superintendent of Banks." In the case of Smith v. Olson, 50 S. D. 81, 208 N. W. 585, 589, the nature of the liability imposed upon stockholders and the statutes authorizing action thereon were considered. The conclusions of this court in that case are summarized as follows: "We are of the opinion: First. That the stockholders' liability created by section 3, art. 18, Constitution, is absolute and primary, and may be enforced at any time by any creditor against any stockholder in an action at law, excepting only that, after a bank has been closed and taken into possession by the superintendent of banks, the creditor cannot bring such action without first showing to the satisfaction of the court that the superintendent of banks has refused so to do. Second. In such action the creditor need not show the insolvency of the bank or an exhaustion of his remedies against the bank, but only that he is the holder of and the person entitled to enforce a contract debt, or engagement of the bank, and that the defendant is a stockholder of such bank, or was such stockholder within a year preceding the accrual of liability from the bank to the plaintiff upon such contract, debt, or engagement, and, of course, the amount of such contract, debt, or engagement and the par value of the defendant's stock. Third, after a bank is closed and taken into possession by the superintendent of banks, if it appears to him that its assets are insufficient to meet its liabilities, he may bring action to enforce stockholders' liability, in which action he represents the creditors who would otherwise themselves be entitled to bring such action, and in which action he must first show the closing of the bank and his determination of the insufficiency of its assets in order to establish his right to bring the action as plaintiff."

■ The board of trustees must show its determination of the insufficiency of the assets of the bank to pay its liabilities. If the plaintiff board must show this in its proof, it must, of course, allege the fact in its complaint. An examination into the affairs of the bank and a determination of its financial condition to the satisfaction of the board were necessary to enable the plaintiff board of trustees to allege that the bank "is insolvent and that the assets thereof will not satisfy the creditors" of the bank. That the determination has been made may be inferred from this allegation.

■■ The contention that the allegation under consideration is a mere pleading of a conclusion of law cannot be sustained. The determination of the insolvency of a bank may be alleged in terms without stating the probative facts. Rohr v. Stanton, 78 Mont. 494, 254 P. 869. An ultimate fact is alleged, and it was not necessary that the board set forth in detail the indebtedness owing by the bank and the value of assets in arriving at such determination.

The order appealed from is affirmed.

' All the Judges concur.