HIMRICH, et al, Respondents, v. WALTER, Appellant.

(262 N. W. 232.)

(File No. 7810.   Opinion filed August 5, 1935.)

*W. F. Bruell,* of Redfield, for Appellant.
*Van Slyke & Agor,* of Aberdeen, for Respondent.

RUDOLPH, J. The Walworth County State Bank closed on November 17, 1930, and was taken in charge by the superintendent of banks. Thereafter under the provisions of chapter 57, Laws 1927, as amended by chapter 90, Laws 1931, the circuit court of Walworth county by its order directed that the liquidation of the assets be conducted by a board of trustees representing the depositors and unsecured creditors of said bank. On June 29, 1934, the board of trustees, appointed by the court to liquidate the said bank, by its resolution declared that it appeared to the board that the assets of the bank were insufficient to pay its liabilities and directed that legal action be taken, if necessary, to collect from the stockholders their stock liability. The defendant, Walter, was the owner of 140 shares of stock in said bank of the par value of $100 per share. This action was brought against the defendant, Walter, to recover the stockholders' liability upon the 140 shares and the trial court entered judgment against Walter for the full amount of his double liability on his 140 shares of stock, and Walter has appealed from the judgment and the order overruling his motion for a new trial.

The appellant first questions the right of the Legislature to authorize these plaintiffs to maintain this action. See chapter 53, Laws 1933. Appellant contends that, under the Constitution of this state, article 18, § 3, the liability of the stockholders is direct and primary to the creditors, and that it follows that the Legislature is without authority to provide for the enforcement of this liability by the trustees in charge of and liquidating the assets

of the bank. The said chapter 53, Laws 1933, is substantially in the language of section 8937, Rev. Code 1919, except that the words "Board of Trustees or Corporation" are substituted for the words "superintendent of banks." In several cases this court has recognized the right of the superintendent of banks under the said section 8937 to maintain an action to enforce the payment of the stockholders' double liability. See Hirning v. Oppold, 48 S. D. 70, 201 N. W. 721; Hirning v. Forsberg, 49 S. D. 46, 206 N. W. 471; Smith v. Goldsmith, 50 S. D. 1, 207 N. W. 977; Smith v. Olson, 50 S. D. 81, 208 N. W. 585, 590. In the recent case of Anders v. Kiser, 62 S. D. 620, 256 N. W. 115, the right of a board of trustees to maintain an action against the stockholders under the provisions of chapter 53, Laws 1933, is recognized. The basis for all of the above holdings is to be found in the case of Union National Bank of Omaha v. Halley, 19 S. D. 474, 104 N. W. 213, decided in 1905, wherein it was held that it would be competent for the Legislature to prescribe within certain limits a method of procedure for the enforcement of the constitutional stockholders' liability in the case of a closed bank. After the decision in the Halley Case, there was enacted chapter 222, Laws 1909, a comprehensive law relating to banking, and the source of section 8937, Rev. Code 1919, is to be found in section 13, article 1, of the 1909 statute. In the case of Smith v. Olson, supra, it was expressly held that the enactment of section 8937, in so far as it vests in the superintendent of bank the right to maintain the action against the stockholders, was within the power of the Legislature. The power of the Legislature, therefore, to vest in the superintendent of banks the right to bring this action under the conditions prescribed in section 8937 has been established by this court, and we believe that it follows without argument that, if the Legislature has the authority under the Constitution to vest this right in the superintendent of banks, it equally has such authority to vest this right in a board of trustees liquidating the assets of the bank under the provisions of the 1931 law. It is not necessary for us to decide in this case whether the board of trustees after collecting this double liability from the stockholders holds it as an asset of the insolvent bank, or as a fund which belongs to the creditors of the bank. We said in the case of Belmont v. Gentry, 62 S. D. 118, 252 N. W. 1, 2: "The court has never been called upon to

decide whether the superintendent of banks after collecting this double liability from the stockholders holds the amount thus collested as an asset of the insolvent bank, or as a fund which belongs to the creditors of the bank." The question presented in this case goes only to the right of the board of trustees to maintain the action, and, as stated above, we are of the opinion that that right has been settled by the prior decisions of this court.

■ Appellant next contends that the law is unconstitutional because it is "retroactive in effect." Appellant does not point out the particular constitutional provisions which he thinks are violated, but we presume he has reference to section 12 of article 6 of the Constitution of this state. Appellant argues that the bank closed in 1930, that the statute under whch these plaintiffs seek to maintain their right of action was not enacted until 1933, and to permit this statute to govern and have effect in this action would be violative of the Constitution, presumably section 12 of article 6. We believe this contention to be without merit. It seems clear to us that the 1933 law merely provided for a remedy without affecting the substantial rights of anyone. Such a law is not violative of the constitutional provision. Clark Implement Co. v. Wadden, 34 S. D. 550, 149 N. W. 424, L. R. A. 1915C, 414; State ex rel Northwestern Mut. Life Ins. Co. v. Circuit Court ,61 S. D. 356, 249 N. W. 631.

■ ■ Appellant further contends that to maintain this action the plaintiffs must show that the bank was insolvent at the time that it closed, and that the only proof of insolvency of the bank in this action related to a time two or three years after the bank closed and had ceased doing business. Conceding without deciding that it was necessary for the plaintiffs in this action to establish the bank's actual insolvency, nevertheless we believe the proof sufficient Were the suit brought directly by the creditors to recover the constitutional liability, it would not be necessary to show insolvency. Smith v. Olson, supra. And the liability which this board of trustees is enforcing is the identical liability created by the Constitution in favor of the creditors. Hirning v. Oppold, supra; Smith v. Olson, supra. It follows, we believe, that, if proof of insolvency is necessary when the suit is brought by the trustees, it goes only to their right to maintain the action, and, if insolvency

is shown at any time prior to the institution of the suit ,this is sufficient. We wish to here state with reference to the statement in Smith v. Olson, supra, that "the superintendent of banks must thereafter make the same proof upon the merits that would be required if the creditors themselves were bringing the action," that in that case there was entire absence of proof that there were any "contracts, debts and engagements of such corporation" for which the Constitution makes the stockholders liable to the extent of the amount of their stock, nor was there any proof that there were any unsatisfied claims of creditors. Clearly, proof that the superintendent of banks made a determination that assets were insufficient to pay liabilities does not prove that there were either assets or liabilities. All it does prove is that the superintendent of banks made a determination, and the only purpose of offering such proof is to comply with the statute which makes such determination a condition precedent to the right of the superintendent to maintain the action. The proof in this case, in addition to proving insolvency of the bank, met all the requirements of the constitutional provision and of said chapter 53, Laws 1933. First, it was established that the assets were being liquidated by a board of trustees under the provisions of chapter 57, Laws 1927, as amended by chapter 90, Laws 1931; second, that the board of trustees had by its resolution declared the assets insufficient to pay liabilities; third, that there were unsecured creditors of the bank who held unsatisfied claims in excess of the entire liability of the stockholders.

Appellant makes a further contention to the effect that since under the provisions of section 8993, Rev. Code 1919, the liability of a stockholder terminates "one year after any transfer of stock," that it follows that the stockholder's liability terminates one year after the closing of the bank. The contention appears to us to be devoid of any merit whatsoever. Obviously, our statutes (see section 8939, Rev. Code 1919, especially) contemplate that the stockholders retain their status as stockholders after the closing of the bank.

We have considered the many other assignments of error and are satisfied that the trial court correctly determined the issues presented.

The judgment and order appealed from are affirmed.

All the Judges concur.