ARATHUSA V. ELSBREE *vs.* WILLIAM A. BURT.

PROVIDENCE—JULY 18, 1902.

PRESENT : Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Stockholders' Liability. Bankruptcy of Corporation. Discharge.*

Section 16 of the bankrupt act of 1898 provides that "The liability of a person who is a co-debtor with or guarantor, or in any manner a surety for a bankrupt, shall not be altered by the discharge of such bankrupt :—

*Held,* that the liability of a stockholder of a corporation, under Gen. Laws cap. 180, was not released by the discharge of the corporation in bankruptcy.

(2) *Stockholders' Liability. Pleading. General Issue. Debt.*

To an action of debt against a stockholder by a judgment creditor of a corporation, under Gen. Laws cap. 180, defendant pleaded *nil debit.* On demurrer to the plea :—

*Held,* that, owing to the additional facts that the plaintiff would be required to prove in this action as distinguished from an action of debt on judgment against the original debtor, which might be denied by defendant, the plea was proper.

(3) *Stockholders' Liability. Insolvency of Corporation.*

The liability of a stockholder, under Gen. Laws cap. 180, to a judgment creditor of the corporation is not affected by the fact that at the time of the contracting of the original debt the corporation was insolvent to the knowledge of the creditor.

DEBT by a judgment creditor of a corporation against a stockholder under Gen. Laws cap. 180. Heard on demurrer to pleas. Demurrer sustained to first, fourth, and fifth pleas ; overruled to second plea.

DOUGLAS, J. This is an action of debt, alleging that the plaintiff is a judgment creditor of the Crown Carpet Lining Company, a Rhode Island Corporation, against which execution has been taken out and returned wholly unsatisfied, and that the defendant was a stockholder therein who became liable to pay the debts upon which the judgment was obtained under certain provisions of chapter 180 of the General Laws.

The declaration is in three counts, the first and second alleg-

ing liability accruing at different times under the provisions of sections 1 and 13, the third alleging liability under sections 11, 12, 13, and 14, of that chapter.

The case comes up on demurrer to certain of defendant's pleas, claiming that they are severally insufficient in form or substance.

(1)     The first plea sets up in bar to the whole declaration an adjudication in bankruptcy of the corporation prior to the commencement of this suit, and that the cause of action declared upon accrued to the plaintiff prior to such adjudication in bankruptcy. This plea erroneously concludes to the country instead of with a verification, as it should, since it sets up new matter. But we are of the opinion that it is bad in substance, the fact of the corporation's bankruptcy being no defence to this action against a stockholder.

An express provision of the bankrupt act of 1898 is :

﹃" SEC. 16. The liability of a person who is a co-debtor with or guarantor, or in any manner a surety for a bankrupt shall not be altered by the discharge of such bankrupt." It is the evident intent of the bankrupt law to preserve to a creditor all his remedies against persons secondarily liable, barring only the claim against the bankrupt.

In the case *In re Marshall Paper Company*, 2 American Bankruptcy Reports, 653, it was said by Judge Lowell : "The bankrupt act of 1898 not only does not expressly provide that directors and stockholders shall be released from their individual liability, but it expressly provides the contrary," referring to section 16 and explaining its application to stockholders who are, in a broad sense, sureties for the corporation. Upon this point the United States Circuit Court of Appeals, Colt, J., approves the position of Judge Lowell. He says : " The theory of a discharge as well as this express provision of the act forbid that the secondary liability of the directors of a corporation, under the Massachusetts statute, should be affected by the corporation's discharge in bankruptcy. Such a discharge does not prevent creditors from taking judgment in the state court against the corporation in such limited form as may enable them to reap the benefit of the directors' liability. The ren-

dering of such a judgment depends upon the authority of the state court under the local law. There is nothing in the bankrupt act to prevent it. *Hill* v. *Harding*, 130 U. S. 699."

The same principle is upheld in *Barre Nat'l Bank* v. *Hingham Mfg. Co.*, 127 Mass. 563.

The demurrer is therefore sustained, and this plea overruled.

(2) The next plea is *nil debit*, and the plaintiff objects that it is not a proper plea in debt on judgment. This is true in a plain case of debt on judgment where the action is against the original debtor ; but it is necessary in this case for the plaintiff to aver and prove other things in addition to the judgment and that it remains unsatisfied. These additional circumstances which make this different defendant liable may be denied, and so the scope of a plea to the merits of the case is enlarged.

The general issue in an ordinary action of debt as pleaded here is proper. It puts the plaintiff to the proof of his judgment, the fact that the defendant was a stockholder, that the capital stock was not paid in, that returns were not made, and all the essential facts of his case. The demurrer to this plea is overruled.

The fourth and fifth pleas set up to different counts of the declaration that at the times the original debts were contracted the corporation was insolvent to the knowledge of the plaintiff. These pleas are also defective in form, in that they set up new matter and conclude to the country.

(3) But they are likewise bad in substance, as they offer no valid defence to the action. There is nothing in our statute which limits the liability imposed to stockholders of solvent corporations. A provision of such a character would be as unnecessary as absurd. The secondary liability of the stockholder is designed to serve the very purpose of answering demands which the corporation is unable to meet. Where the provisions of section 1 are applicable, the corporation must generally be insolvent if it carries on business when its capital has not been paid in, and the liability of the stockholder in any case cannot be enforced until the creditor's remedies against the corporation are exhausted. Counsel may have misunderstood the intent of section 12, which provides that the obligation to

file notices shall cease when the corporation shall have become insolvent and made an assignment for the benefit of its creditors ; but this provision only fixes an event after which no new cause of liability can arise ; it does not bar any rights which have then accrued.　　The demurrer to these pleas is sustained on this ground also.

*Frederick A. Jones*, for plaintiff.

*Harry C. Curtis*, for defendant.