## In Re STATE BANK OF MANCHESTER.

### RUNDELL, Respondent, v. HIRNING, Appellant.

### (206 N. W. 231.)

(File No. 5688.   Opinion filed December 9, 1925.)

1. **Banks and Banking—Bank Guaranty Law—Claim on Draft Not Presented Until After Time Fixed in Notice to Creditors Held Entitled to Participate in Guaranty Fund.**

    Draft of bank which became insolvent causing drawee bank to dishonor it, though not presented until after time fixed in notice to creditors, held, under Rev. Code 1919, Sec. 9020, entitled to participate in bank guaranty fund, though claim may not have been allowable under Sec. 8933, relieving depositors from default for failure to file claim within specified time.

2. **Banks and Banking—Superintendent of Banks—Superintendent of Banks Must Administer Affairs Through Court and Subject to its Orders.**

    Superintendent of banks must administer affairs of insolvent bank through court and subject to its orders.

3. **Banks and Banking—Courts—Order Directing Superintendent of Banks to Arrange for and Pay Claim as Outstanding Exchange Held Within Court's Jurisdiction.**

    Order of circuit court directing, unless superintendent of banks rejected claim under Rev. Code 1919, Sec. 8933, that he arrange for and pay it as outstanding exchange under section 9020, held within court's jurisdiction, though order may have been irregular.

4. **Appeal and Error—Assignments of Error—Assignments of Error Held Not Specific Enough to Present Question of Procedure.**

    Assignments of error in proceeding for allowance of claim against insolvent bank that court erred in granting relief under Rev. Code 1919, Sec. 8933, in that claim was for outstanding exchange, and not for deposits as defined by section 8977, hence not within proviison of section 8933, held not specific enough to present question of procedure.

Appeal from Circuit Court, Kingsbury County; Hon. M. Moriarty, Judge.

Proceeding by John Rundell against John Hirning, State Superintendent of Banks, for allowance of claim in the matter of the suspension of the State Bank of Manchester. From a judgment and order in favor of petitioner, defendant appeals. Affirmed.

*Null & Royhl,* of Huron, for Appellant.
*William H. Warren,* of De Smet, for Respondent.

BURCH, C.  John Rundell, claimant and respondent, was a depositor in the State Bank of Manchester on the 29th day of April, 1922.  On that day he wrote a check for $321.25 with which he purchased a draft of said bank for that amount drawn on the Commercial Savings Bank of Sioux Falls, S. D., payable to I. E .Arntson, county treasurer of Ransom county, N. D., and remitted the said draft to the payee therein named.  Before the draft was returned in the ordinary course of business to the Commercial Savings Bank of Sioux Falls the State Bank of Manchester became insolvent and went into the hands of the superintendent of banks for liquidation.  There were sufficient funds in the Sioux Falls Bank to pay the draft, but it was dishonored because of the fact that the drawer had closed and was in the hands of the banking department.  Proper notice to creditors in the matter of liquidating the affairs of the State Bank of Manchester was published, and more than 30 days expired after the last publication of said notice before an application was made for an order directing payment of the claim.  Said claim was not presented by any one concerned with said draft within the time limited by said notice, and not at all until about the time of the commencement of this proceeding in November, 1922.  The claimant had a balance on deposit in said closed bank after paying for the draft amounting to $63.13, which sum was paid him by the State Guaranty Fund Commission.  At the time the bank closed the said draft was outstanding and unpaid, and the banking department had the data before it to show that this was an outstanding and unpaid draft, but the records of the bank did not show the address of the payee named therein, and, until subsequently advised, the banking department did not know and had no means of knowing such address.  Claimant, John Rundell, did not come into possession of the draft until long after the time expired for filing the claim.  On the 9th of November, 1922, the said claimant presented an affidavit to the circuit court of Kingsbury county, the county in which said bank was located, and the court made an order allowing the said claimant to file his claim within 20 days from the date of said judgment with the superintendent of banks, and ordered that, unless the superintendent of banks re-

jected the claim under the provisions of section 8933, he proceed to arrange for the payment of the claim as outstanding exchange under the provision of section 9020, R. C. 1919. From this order the banking department has appealed.

There are but two assignments of error, the first being as follows:

"The court erred in assuming to grant relief under the provisions of section 8933 of the Revised Code 1919, in this, that it is provided by said section 'any claim not presented at the place or within the time fixed by such notice shall be forever barred; provided that if such claim be for a deposit duly made in such bank or trust company, the court may direct the superintendent of banks to procure and pay the amount thereof.' That in this case the claim is for outstanding exchange and not for a deposit duly made in such bank, as defined by section 8977 of the Revised Code; hence it is not within the provision of section 8933 relieving depositors from default on failure to file their claim within the time specified."

The second assignment of error is the court's refusal to grant a new trial for the reason set out in the first assignment.

Section 9020, R. C. 1919, provides:

"When any bank doing business under the provisions of this chapter suspends or becomes insolvent, the superintendent of banks shall forthwith proceed to determine the amount necessary to pay the unsecured depositors and holders of exchange in good faith, in full, and cause the same to be certified to the depositors' guaranty fund commission, which shall thereupon draw against the depositors' guaranty fund on deposit in the several banks in the amount thus certified, and the treasurer of such commission shall immediately transmit the amount to the superintendent of banks, to be applied in payment of the deposits and outstanding exchange due such depositors and holders of exchange in good faith."

This section requires the payment of unsecured depositors and holders of exchange in good faith without requiring as a prerequisite the filing of a claim therefor. Its apparent purpose is to provide speedy liquidation of such claims. It was the duty of the superintendent of banks to so pay the draft in question, if found to be exchange held in good faith. The provision of section 8933 barring claims not filed with the superintendent of banks

is analogous to a similar provision of the Probate Code requiring the filing of claims with an executor or administrator in settling estates of deceased persons, and serves a smilar purpose. In the case of Fish et al v. De Laray et al, 8 S. D. 320, 66 N. W. 465, 59 Am. St. Rep. 764, we said:

"The primary object of the statutory provision requiring a claim against the estate of a deceased person to be presented within a specified time is to apprise the administrator and the court of the existence thereof, so that a proper and timely arrangement may be made for its payment in full, or a pro rata portion thereof, in the due course of administration."

[1-3]    Whatever effect failure to file the claim may have had upon the right of claimant to participate in the distribution of the general assets of the bank, it had no effect upon his right to participate in the bank guaranty fund. Whatever security that fund afforded was secured to the owner of the draft under section 9020 without notice or formal claim. The circuit court had jurisdiction of the administration of the assets of the insolvent banking corporation. The superintendent of banks must administer its affairs, through the court, subject to its orders. If the superintendent of banks failed to comply with the law as declared in section 9020, the court having charge of the administration of the assets of the bank could require the said superintendent to comply with the mandatory provisions of that section. Whether or not the court in doing so should proceed under section 8933 or under its inherent power to control and direct the settlement of the affairs of the insolvent corporation is immaterial. The court having jurisdiction, its order is not void, though it may be irregular.

[4]    The assignments of error are not specific enough to present the question of procedure. The arguments of counsel are directed to the right of the court to relieve claimant from the bar of the statute. As has been pointed out, the claim was not barred from participation in the guaranty fund. The court's order did not direct the said superintendent "to procure and pay the amount" of the draft, as provided by section 8933 in case of deposits, but ordered the superintendent to determine the character of the draft, and, if found to be exchange, entitled to participate in the fund, to pay it in the manner provided for the payment of such claims without regard to the failure to file the claim.

The judgment and order appealed from are affirmed.

Note.—Reported in 206 N. W. 231. See, Headnote (1) and (3), American Key-Numbered Digest, Banks and Banking, Key-No. 15, 7 C. . Sec. 15; (2) Banks and Banking, Key-No. 63½, 7 C. J. Sec. 486; (4) Appeal and Error, Key-No. 733, 3 C. J. Sec. 1534.