# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

SMITH, Superintendant of Banks, Respondent, v. GOLDSMITH, Appellant.

(207 N. W. 977.)

(File No. 6081. Opinion filed March 12, 1926.)

1. **Banks and Banking—Stockholders' Liability—Directors May Not Collect.**

    Neither bank nor directors have authority over or can collect personal liability, under Const., Art. 18, Sec. 3, and Rev. Code 1919, Sec. 8993, of stockholder to creditors of bank.

2. **Banks and Banking — Superintendent of Banks — Payment by Stockholders of Stock Assessments Levied by Directors of Bank Under Direction of Deputy Superintendent of Banks Held Not to Discharge Personal Liability of Stockholders to Creditors (Const., Art. 18, Sec. 3; Rev. Code 1919, Sec. 8993).**

    Payments of stock assessments levied by directors under direction of deputy superintendent of banks held not to discharge personal liability of stockholders to creditors under Const., Art. 18, Sec. 3; Rev. Code 1919, Sec. 8993.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 47(1), 7 C. J. Sec. 110 (Anno.); (2) Banks and banking, Key-No. 47(3), 7 C. J. Sec. 84.

Appeal from Circuit Court, McCook County; HON. L. L. FLEEGER, Judge.

Action by Fred R. Smith, as State Superintendent of Banks, against Lucille Goldsmith. From a judgment for plaintiff and an order denying motion for new trial, defendant appeals. Affirmed.

*Bailey & Voorhees* and *M. T. Woods, Jr.,* all of Sioux Falls, for Appellant.

*C. H. McCay,* of Salem, and *Parliman & Parliman,* of Sioux Falls, for Respondent.

1—Vol. 50, S. D.

CAMPBELL, J. The Commercial State Bank of Salem was closed and placed in the hands of the state superintendent of banks on April 24, 1924, and thereafter and on October 3, 1924, the superintendent of banks, having determined that the bank was hopelessly insolvent and that its liabilities exceeded its assets by much more than the capital stock, brought this action against defendant, who was the owner of 25 shares of stock in said bank of the par value of $2,500, to enforce her liability as such stockholder under section 3, art. 18, Constitution of South Dakota, and section 8993, Code 1919, in the amount of $2,500. Findings, conclusions, and judgment were for the plaintiff, and from the judgment and order denying her motion for new trial defendant appeals.

The sole question presented by the record for determination upon this appeal is whether appellant makes out a defense to respondent's cause of action by the existence of the following facts shown at the trial, namely: That appellant on and prior to May 26, 1921, was a stockholder of said bank owning the same 25 shares of stock which have ever since been held and owned by her. On May 26, 1921, the deputy superintendent of banks of the state of South Dakota wrote to the Commercial State Bank of Salem, making certain objections to the report of the examination of the bank as of April 5, 1921, and setting out a list of certain notes, and stating that the report could not be approved until those notes were eliminated from the assets of the bank and certain other requirements complied with; the last paragraph of the letter being as follows:

"You are hereby directed to call a meeting of the directors of your bank and levy an assessment of 100 per cent. of your capital stock to be used to eliminate the above mentioned notes. You will please attend to this immediately and notify this office."

Thereafter, and pursuant to the direction of that letter, the directors of the Salem bank levied a 100 per cent assessment upon its capital stock; and thereupon respondent as a stockholder paid into the bank the full amount of said assessment, $2,500, which was used for the purpose of eliminating the objectionable notes, and the bank thereafter continued to do business until it was closed for liquidation on April 24, 1924.

[1, 2] We are of the opinion that the voluntary payment of th 100 per cent. stock assessment by respondent in 1921 constit.tes no defense to this action. The present action is to enforce a liability, which under our Constitution and statute is a personal liability and is for the benefit of creditors. The bank itself, or its directors, had no authority over such liability and could neither collect it nor release it. The previous 100 per cent. assessment was not a personal liability of respondent, but was merely against the stock. It was not for the benefit of creditors, but for the benefit of the bank as a going concern, and consequently for the benefit of stockholders themselves. If respondent had not paid that assessment she would not have been under personal liability by reason thereof, but her stock might have been taken and sold. When respondent saw fit to pay such assessment it amounted to nothing more than a further voluntary investment in the capital stock of the corporation paid into the general funds of the corporation, not for payment over to creditors, but for the benefit of the corporation and the stockholders thereof, including respondent, and the payment of that assessment had no connection with the liability now sought to be enforced and is no defense in the present action. See Delano v. Butler, 7. S. Ct. 39, 118 U. S. 635, 30 L. Ed. 260; Northwestern Trust Co. v. Bradbury, 134 N. W. 513, 117 Minn. 83, Ann. Cas. 1913D, 69; Blackert v. Lankford, 176 P. 532, 74 Okl. 61; Farmers' etc., Bank v. Reed, 217 P. 320, 114 Kan. 216; Page v. Jones (C. C. A. 8th Cir.) 7 F. (2d) 541.

The judgment and order appealed from are affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.