FARMERS' STATE BANK OF LANE, et al, Respondents,
v. ERICKSON, Appellant.

(223 N. W. 306.)

(File No. 6074. Opinion filed January 26, 1929.)

*Lauritz Miller* and *Fred D. Shandorf,* both of Mitchell, for Appellant.

*Buell F. Jones,* Attorney General, *Roy E. Willy,* of Sioux Falls, and *J. H. Lammers,* of Wessington Springs, for Respondents.

CAMPBELL, J. This was an action brought to enforce stockholders' liability against the stockholder of a banking corporation, pursuant to article 18, section 3, Const. S. D., and section 8937, Rev. Code 1919. `

By paragraphs 4, 5, and 6 of the answer defendant undertook to set up as defenses, first, that while the bank was still operating as a going concern a 100 per cent assessment was levied upon all stockholders by direction of the state superintendent of banks to make good an alleged impairment of capital, and that defendant then held the same stock by virtue of which liability is now sought to be enforced, and paid said assessment in full; second, that at that time the bank agreed and promised, in consideration of the payment of such assessment, that certain notes, aggregating $15,-000, were to be charged out of the bank and placed in a special trust fund for the benefit of stockholders who paid such assessment, but that the bank retained and still has said notes, and that the same are valuable, and defendant seeks to offset the value thereof against the claim of plaintiff in this action; third, that defendant had executed and delivered to said bank his promissory note and mortgage for $3,000, without value or consideration, and that the same is still held by the bank, and defendant seeks to have that amount offset against any liability in the present action.

Plaintiff moved to strike out these paragraphs of the answer as irrelevant, and constituting no legal defense or counterclaim. The motion was granted, and defendant appeals.

 Voluntary payment of an assessment levied upon stock while the bank is still operating is no defense to the collection of stockholders' liability. Smith v. Goldsmith, 50 S. D. 1, 207 N. W. 977.

 The matters sought to be offset by appellant are matters between himself and the bank, whereas the enforcement of stockholders' liability under our Constitution and statute has to do with a personal primary liability resting upon the stockholder for the benefit of creditors. The bank, as such, has no authority over this

liability, and could neither collect nor release it, and plaintiff herein represents the creditors of the bank. Smith v. Goldsmith, supra; Smith v. Olson, 50 S. D. 81, 208 N. W. 585.

If defendant has a claim against the bank, he may proceed therewith like any other creditor of the bank; but he cannot offset it in this action for the benefit of creditors. He must pay his stockholders' liability and take his chance on his claims against the bank, whatever they may be, in like manner as any other creditor.

The order appealed from is affirmed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.