SMITH, State Superintendent of Banks, Respondent, v. BRUHN, Appellant.

(223 N. W. 307.)

(File No. 5982.   Opinion filed January 26, 1929.)

*Mundt & Mundt*, of Sioux Falls, for Appellant.
*Bielski, Elliott & Marker*, of Sioux Falls, for Respondent.

CAMPBELL, J. This action was brought to enforce the constitutional and statutory liability of defendant as a stockholder owning 20 shares of the corporate stock of the Bank of Tea. Judgment below was for the plaintiff, and from that judgment and an order denying a new trial defendant has appealed.

The proposition raised is that the liability sued upon had become unenforceable by reason of the fact that appellant was duly adjudicated a bankrupt and no claim filed in the bankruptcy court. The Bank of Tea was closed and its affairs taken over by plaintiff on June 3, 1923, but the date when it appeared to plaintiff "that the assets of such institution are insufficient to pay its liabilities" (at which time it would first become the duty of plaintiff to institute in behalf of creditors proceedings to enforce stockholders' liability by the provisions of section 8937, Rev. Code 1919) does not definitely appear.

Appellant was adjudicated a bankrupt on July 13, 1922. By section 57n of the Bankruptcy Act (11 USCA, § 93n), claims cannot be proved against a bankrupt estate subsequently to one year after the adjudication (with exceptions not here material), and under the decisions the bankruptcy court has no jurisdiction or power to allow claims thereafter presented. Section 17 of the Bankruptcy Act (11 USCA § 35), so far as material to the present case, provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as: * * * 3. Have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

Appellant was adjudicated a bankrupt upon his voluntary petition and did not schedule as a provable debt any liability upon his part, contingent or otherwise, as a stockholder of the bank. He did schedule some indebtedness that he owed the bank as such and the bank filed some claims thereon, and the bank and its officers had knowledge and notice of the bankruptcy. The trial court found as a fact that the superintendent of banks had no knowledge of the bankruptcy at any time within one year after adjudication.

The liability here sued upon is not a liability to the bank but is a primary liability for the benefit of creditors, and the bank's knowledge of appellant's bankruptcy would not be material. Smith v. Goldsmith, 50 S. D. 1, 207 N. W. 977; Smith v. Olson, 50 S. D. 81, 208 N. W. 585; Farmers', etc., Bank v. Erickson, 54 S. D. —, 223 N. W. 306, opinion this day filed. When the superintendent of banks proceeds to enforce stockholders' liability, he proceeds in behalf of creditors (Smith v. Olson, supra), and by the terms of the statute he is not authorized thus to proceed in behalf of creditors until "it shall appear to [him] that the assets of such institution are insufficient to pay its liabilities." Section 8937, Rev. Code 1919.

Notice or knowledge of appellant's bankruptcy had by the superintendent of banks certainly could not be imputed to creditors of the bank in any such sense as to bar the present action by reason of failure to file claim in bankruptcy at least until it be affirmatively shown that such notice or knowledge of the superintendent of banks was received within a year after the adjudication in bankruptcy, and also after it had appeared to him that the assets of the bank were insufficient to pay its liabilities. Those facts do not appear in this case. Whether, if they did appear, the defense would be good, is not here involved, and we do not undertake to determine. There is no showing of notice or knowledge of appellant's bankruptcy on the part of any of the creditors of the Bank of Tea themselves.

It follows that the liability in question will not be affected by appellant's discharge in bankruptcy under the circumstances of this case, and the judgment and order appealed from should be and they are affirmed.

SHERWOOD, P. J., and POLLEY, BURCH, and BROWN, JJ., concur.