BUSH, Respondent, v. LIEN, et al, Appellants.

(234 N. W. 29.)

(File No. 7111.   Opinion filed December 30, 1930.

*Waddel & Dougherty,* of Webster, for Appellants.

*L. H. Woodworth,* of Webster, and *Dana Babcock,* of Sisseton, for Respondent.

BURCH, J.   Plaintiff is a deposit creditor of the State Bank of Waubay.   Defendants are stockholders of the bank.   On the 8th day of October, 1926, the bank suspended business and went into the hands of the superintendent of banks for liquidation. Plaintiff thereafter requested the superintendent of banks to commence action against stockholders to enforce the stockholders' liability imposed by article 18, § 3, of our state Constitution and section 8993, R. C. 1919.   The request was denied, and this action was commenced by plaintiff to enforce such liability in his favor. Defendants demurred to his complaint, the demurrer was overruled, and defendants appealed to this court.   On that appeal the trial court was sustained in Bush v. Lien et al., 228 N. W. 372. When the case was again on the calendar of the circuit court, defendants answered pleading a reorganization of the bank under the provisions of chapter 104, Laws of 1925, and a release of stockholders' liability under the reorganization agreement.   The reorganization agreement was executed by deposit creditors representing more than 80 per cent of the amount of deposits of said bank; was approved by the superintendent of banks and the circuit court. Thereupon the bank was reinstated as a solvent corporation.   The reorganization proceedings were in all respects legal and valid and in accordance with the provisions of said chapter 104.   Plaintiff became a creditor after chapter 104 was enacted, but he was not one of the consenting creditors.   At all times he objected to the reorganization of the bank under the plan adopted and to a release of the then existing stockholders' liability imposed by the Constitution.   Throughout this case when we speak of the stockholders' liability, we mean the liability imposed by article 18, § 3, of the Constitution.   On the trial of the case at bar the trial court found in favor of plaintiff, and defendants appeal.

██  The vital question now presented is, Did the reorganization of the bank release the stockholders' liability to plaintiff, a nonconsenting deposit creditor?   The constitutionality of chapter 104 was challenged when the circuit court approved the reorganization plan, and on appeal to this court the reorganization of this bank under the plan adopted was sustained in a per

curiam opinion. See In re State Bank of Waubay, Respondent, v. Bush, Appellant, 55 S. D. 190, 225 N. W. 307. The per curiam opinion above mentioned was based on the holdings of this court in Farmers' & Merchants' Bank v. Tomlinson et al, 55 S. D. 185, 225 N. W. 305, and Smith v. Texley et al, 55 S. D. 190, 225 N. W. 307. In those cases we held a reorganization of a bank under chapter 104 binding on all resident deposit creditors who became such after the passage of the act whether consenting thereto or not, on the ground that the chapter is an insolvency law and enters into, and forms a part of, the contract between the bank and the depositor. Respondent, while conceding that his rights and remedies against the bank are the same as those of consenting creditors, relies on the rule that the discharge of the corporation in bankruptcy or insolvency proceedings does not affect the statutory liability of its stockholders for a debt owed by the corporation. In cases where the stockholders' liability is primary and direct, we think this rule is unquestionably sound. It would seem almost elementary that, where a creditor has a direct and primary claim against two, the bankruptcy of one will not discharge the other. That this is the rule see Way v. Barney, 116 Minn. 285, 133 N. W. 801, Ann. Cas. 1913A, 719, 38 L. R. A. (N. S.) 648 and note; Willis v. Mabon, 48 Minn. 140, 50 N. W. 1110, 16 L. R. A. 281, 31 Am. St. Rep. 626; Elsbree v. Burt, 24 R. I. 322, 53 A. 60. In a well-written and carefully considered opinion, we recently held that the stockholders' liability is direct and primary, and, being a liability created by the Constitution, it cannot be diminished by legislative action. Smith v. Olson, 50 S. D. 81, 208 N. W. 585.

The discharge or change in the amount and time of payment of respondent's claim against the insolvent bank did not release the stockholders' liability, and he may enforce his claim as it originally existed against the stockholders, unless under the reorganization agreement the stockholders' liability was actually liquidated. No one claims that the stockholders' liability was liquidated in cash nor to have been in any manner liquidated or settled, except under and by virtue of the terms of the reorganization agreement adopted during the time the bank was in the hands of the superintendent of banks for liquidation. During that time he had authority and power to collect the stockholders' liability for the benefit of creditors. If he was unable to collect in full, he might

collect a portion, and for the purpose of argument we shall assume, without deciding, that he might with consent of the court compound and settle such claim, or might by novation substitute a new liability for the old, providing that all his acts were done in the interest of the creditors, in fulfillment of his duties as a liquidating agent. Such action would bind all creditors.

We now turn to the reorganization agreement to see if the stockholders' liabliity was affected thereby, and what, if anything, the stockholders gave in lieu of cash to liquidate their liability. A clause of chapter 104, Laws 1925, in reference to the effect of the reorganization agreement, provides: " * * * And all other depositors shall be held to be subject to such agreement and all and every term thereof to the same extent and with like effect as if they had joined in the execution thereof, and their claim shall be treated in all respects as if they had joined. * * * " The agreement as to the stockholders is as follows:

"The stockholders of the said bank having surrendered their stock and assigned the same to the State Bank of Waubay, South Dakota, to be cancelled together with the present surplus for the benefit of that portion of the deposits waived herein, and new stock to be reissued and sold for the sum of $125.00 per share, the excess over the par value of $100.00 per share to be set aside in surplus fund; in consideration whereof, the undersigned depositors of said bank do hereby waive any and all right to a stock assessment against the present stockholders of said bank and do agree that the assignment by the said stockholders of said stock shall be accepted in lieu of any liability of their part to pay the stock assessment on the same."

The foregoing agreement does not expressly mention the stockholders' liability imposed by the Constitution. It mentions only liabilities imposed by assessment. Liability for a stock assessment is not the same liability as that imposed by the Constitution and section 8993, Rev. Code 1919. Smith v. Goldsmith, 50 S. D. 1, 207 N. W. 977. But, assuming that the contracting parties intended and meant by the language used to include and release all stockholders' liability of any character, their contract cannot have a wider application to the nonconsenting creditors than the authorized scope of such an agreement. It must be confined to the insolvency of the bank. It can be binding on nonassenting creditors only as

a step in liquidation of an insolvent estate. The solvency or insolvency of any or all of the stockholders is in no way involved. And creditors who do not consent cannot be compelled to release claims against solvent persons because those claims are also claims against an insolvent. The validity of the reorganization agreement binding nonassenting creditors rests upon the assumption that it is a step in insolvency whereby the insolvent is permitted to make a composition with its creditors. It would not be valid if it compelled such creditors to release their claims against solvent persons who could pay them in full.

Complaint is made concerning the finding of the court that the reorganization was arbitarary, unjust, and fraudulent. The finding is not material in this action. No matter how fair and just the agreement may be, it cannot compel the release of claims against solvent persons. Before such persons can escape, they must in some manner liquidate. It may be suggested that the stockholders in this case did so by surrendering their stock and their interest in the surplus. The surplus was already a trust fund belonging to the creditors, and the stock at the time was valueless. Whether or not surrendering the stock and subscribing and paying par value in cash for an equal amount would effect a novation and satisfy the liability need not be decided, as that question is not now before us. There is no evidence that this was done by appellants.

The judgment and order appealed from are affirmed.

BROWN, P. J., and POLLEY and SHERWOOD, JJ, concur.

CAMPBELL, J., concurs in the result.