In the Matter of the Liquidation of WESTCHESTER TITLE AND TRUST COMPANY.

Supreme Court, Westchester County, January 21, 1939.

*Joseph W. Bryan* [*Edward F. Keenan, Samuel Boksenbom* and *Joseph Lapidus* of counsel], for the Superintendent of Insurance of the State of New York.

*Maurice Finkelstein,* for the State Mortgage Commission.

*Milbank, Tweed & Hope* [*William Dean Embree* of counsel], for the Q. F. G. Corporation.

*Sackett, Chapman, Brown & Cross* [*William P. Chapman, Jr.,* of counsel], for Cornell University and the estate of Henry W. Sackett.

*Allan H. Treman,* for Cornell University.

*Winthrop, Stimson, Putnam & Roberts* [*Albert W. Putnam* of counsel], for Bronson Winthrop.

*Cadwalader, Wickersham & Taft,* for Weber & Company.

*Barry, Wainwright, Thacher & Symmers* [*Howard B. Nichols* of counsel], for Marian Robbins Kennedy and other stockholders.

*Clinton T. Taylor,* for Arthur I. Strang.

*Robert P. Smith,* for Robert P. Smith.

*Condit & Hite* [*Earle P. Hite* of counsel], for William R. Condit and Earle P. Hite.

*Sporborg & Connolly* [*Thomas Connolly* of counsel], for E. Agnes Daverin.

*Charles T. Lark,* for the estate of R. Bleecker Rathbone.

*Hiram S. Gans,* for the trustees of Series 36-F.

*James T. Heenehan,* for Westchester trustees.

*Clark, Gagliardi, Cunningham & Bailey* [*Frank Gagliardi* of counsel], for Austin K. Griffin and others, as trustees in various series.

*Budd, Coffey & Bertine* [*P. A. Obst* of counsel], for the trustees of Series 82-C.

*Irving B. Lydecker* and *Charles A. Voss,* for trustees in various series.

*Robert J. McCarthy,* for the trustees in Series 28-E.

*James D. Hopkins,* for the trustees in Series 35-E.

*Martin J. Birmingham,* for various trustees.

*T. A. O'Neill,* for the Superintendent of Banks of the State of New York.

*Wallin, Beckwith & Edie,* appearing specially for the estate of Richard Edie, Jr., the estate of Arthur Land, and for Evelyn M. Wallin, William J. Wallin and George S. Edie.

*Albert Ritchie*, for the estate of William R. Bull.

*Philip A. Obst*, for the trustees of the estate of Arthur W. Lawrence.

*Reginald P. Ray*, in *pro per*.

*Smith, Chambers & Clare* [*Frederick J. Wilkens* of counsel], for the Westchester Fire Insurance Company.

*Bleakley, Platt & Walker* and *King, Dart & Hood* [*John E. Tobin* and *Bruce Hood* of counsel], for successor trustees.

*Edwin K. Bertine*, for the trustees under mortgage Series 82-C.

*Durrell L. Lord*, for the trustees in Series 31-E.

*Maurice Degenstein*, for the trustees in Series 42-F and 47-B.

NOLAN, J. The State Superintendent of Insurance seeks from the court authority to enforce the statutory liability of stockholders of the Westchester Title and Trust Company, by action to be commenced by him jointly with a creditor of the company to be designated by the court. The Superintendent is in possession of the property of the company by virtue of an order of liquidation made pursuant to the provisions of article 11 of the Insurance Law, section 404 of which statute provides that the Superintendent, upon the filing or recording of such an order, shall be vested by operation of law with the title to all of the property, contracts and rights of action of the insurer, as of the date of the order of liquidation. The liability sought to be enforced was provided by section 7 of article 8 of the New York State Constitution, and by section 113-a of the Banking Law. The constitutional provision imposed upon stockholders of every corporation for banking purposes liability to the amount of their respective shares in the corporation for all of its debts and liabilities of every kind. The Westchester Title and Trust Company was formed in 1922 as the result of a merger between Central Trust Company of Westchester County and Westchester Title and Mortgage Company, and thereafter carried on both a banking and title and mortgage guaranty business. At the time of the formation of the company, the constitutional provision for stockholder's liability was still in effect. This provision has been repealed, the repeal being effective January 1, 1936, but the repeal did not affect liability which had already accrued. (*White* v. *Idsardi*, 253 App. Div. 96; *Broderick* v. *Weinsier*, 278 N. Y. 419.) The Banking Law, by section 113-a, defines the liability of stockholders and provides that such liability, and the time within which an action may be instituted to enforce such liability, shall be governed exclusively by the provisions of that

section and section 632 of the same statute. By the last paragraph of section 113-a it is provided that in case the Superintendent shall have taken possession of the property and business of the bank or trust company, all actions or proceedings to enforce the liability of stockholders shall be taken only in the name of the Superintendent. Section 632 of the Banking Law provides the procedure to be followed in enforcing such liability in case the Superintendent shall have taken possession. No procedure is provided for enforcement of such liability in case the Superintendent shall not have taken possession.

In the instant case the Superintendent of Banks has never taken possession of the property and business of the company. If the contention of stockholders who have submitted briefs be accepted as correct, there is no one who may now enforce the liability imposed by the Constitution and the statute, and the stockholders may not be held answerable to any one, even though such liability may exist. With this contention I do not agree. During the period of liquidation the Legislature might have enacted remedial legislation so that the procedure to be followed by creditors might have been provided. Such legislation has not been enacted, but the absence of such legislation has not, in my opinion, deprived creditors of the rights given them by the Constitution and the statute as it exists, nor is the decision in the Court of Appeals in *Broderick* v. *Weinsier* (*supra*), an authority to the contrary. In that case the Court of Appeals did not have before it the question of the right of a creditor to enforce the statutory liability in a case where the Superintendent of Banks had not taken possession, but did decide in a case where the Superintendent was in possession that the statute had defined the liability of stockholders as a ratable liability, and that no liability might be enforced by the Superintendent other than that provided by the statute. While decisions upon questions of liability and procedure must necessarily wait until a complaint is before the court in an action, I am not convinced that it should now be held that the application must be denied, because the Legislature has not provided the procedure to be followed under the circumstances which exist in this case.

The application by the Superintendent of Insurance for leave to prosecute the action, however, presents a serious question. By the order of liquidation the Superintendent was vested with title to all of the property, contracts and rights of action of the Westchester Title and Trust Company. (Insurance Law, § 404.) It is urged that he is a statutory receiver and as such may prosecute the action by virtue of the provisions of the statute as it existed at the time of the making of the liquidation order. Unless he has

such right by the provisions of the statute, he has none by virtue of the fact that he may be considered as a receiver. As a receiver, or liquidator pursuant to section 404 of the Insurance Law, he succeeded to the rights of the corporation and stands in its shoes, in so far as the prosecution of actions for enforcement of liability to the corporation is concerned. He has no right of action which the corporation would not have had, and represents creditors in so far as they are interested in corporate property, and not as their trustee in any general sense, or in any sense which gives control of their general property. (*Farnsworth* v. *Wood*, 91 N. Y. 308; *Bostwick* v. *Young*, 118 App. Div. 490; *Hirshfeld* v. *Fitzgerald*, 157 N. Y. 166.) The right to enforce the statutory liability of stockholders is one which belongs to creditors and never belonged to or formed part of the assets of the Westchester Title and Trust Company. (*Hirshfeld* v. *Fitzgerald, supra.*) It is true that a cause of action was provided in the name of a permanent receiver, when such receiver had been appointed, by section 113-a of the Banking Law, as it existed prior to the amendment of 1938. It is doubtful that such right of action has survived the amendment, effective this year, by which the provision for an action in the name of a receiver was deleted from the statute, since by such amendment the rights of creditors to sue, if such rights existed, were not affected, but the remedy by way of suit in the name of a receiver was no longer authorized. Whether or not the Superintendent has a right of action by virtue of the provisions of the statute, however, and whether or not he is a necessary party to the litigation, need not be decided here. He is a proper party. (*Hirshfeld* v. *Fitzgerald, supra.*) His presence as a party may facilitate the proof which a creditor as plaintiff will be bound to make, and an accounting on his part may be necessary to ascertain the amount to be collected from stockholders. It can make but little difference to stockholders who may be named as defendants, whether the Superintendent is named as a party plaintiff or defendant. His presence as a plaintiff may serve better to protect the rights of creditors as a class, since as such plaintiff he will have control, to some extent, of the conduct of the action. Since his application is to join with a creditor in the prosecution of the action, the question of his right to prosecute the action may well wait for determination until a complaint has been presented, since if a creditor may proceed, the joinder of the Superintendent as a plaintiff will at most result in a misjoinder, which will not defeat the action. (Civ. Prac. Act, § 192.)

Upon consideration of the questions presented, I am of the opinion that there is sufficient merit to the contentions of the

Superintendent that liability exists, and that an action should be commenced to enforce it, to justify the granting of the application. The court is asked upon the application to designate a creditor to enforce liability on behalf of all other creditors. While creditors, who have appeared, have joined in the application, sufficient information has not been presented as to the claims of creditors to justify the selection of one creditor at this time. The Superintendent may join with a creditor who may desire to commence action. When such action has been commenced, the court may then decide, if the question shall be presented, whether others may be permitted to join in the action. The application of the Superintendent of Insurance is granted to the extent indicated. Settle order on notice to those parties who have appeared generally.