HOPKINS, et al, Respondents, v. GLENDENNING, Appellant

(299 N. W. 905.)

(File No. 8454. Opinion filed September 20, 1941.)

**Warren & Eggen,** of De Smet, for Appellant.
**Trygstad & McCann,** of Brookings, for Respondents.

ROBERTS, J. The Citizens State Bank of Arlington, having become insolvent, suspended business on October 22, 1926, and was taken over by the superintendent of banks. An inventory of the assets of the bank was made by a representative of the banking department, and the defendant was given notice in the course of liquidation that the assets of the bank were insufficient to pay its liabilities and demand was made that he pay his liability as a stockholder in such bank. A plan of reorganization was agreed upon under the provisions of Chap. 104, Laws 1925, and the same was presented by petition to the circuit court on January 18, 1927, in the pending liquidation proceedings. This statute in substance authorized the reorganization of a bank on agreement of depositors representing eighty per cent of the amount of the deposits of the bank. Notice of hearing was given by publication upon the deposit creditors. The court upon the hearing found that deposit creditors of the bank representing more than eighty per cent of the amount of the deposits of the bank agreed to the plan of reorganization and ordered that the bank be reinstated as a solvent bank in accordance with the terms and conditions of the agreement. The bank so reorganized was reopened on March 3, 1927. The bank when reorganized was to have a capital of $25,000 and a surplus of $2,500; preferred claims, public funds, church funds and small deposits were to be paid in full; fifteen per cent of the nonpreferred deposits were to be assumed by the reopened bank and certain assets were to be retained to enable the bank to pay its assumed obligations; certain other assets of the bank were to be segregated and placed in trust to be administered by the Arlington Holding Corporation against which participation certificates were to be issued representing the remaining eighty-five per cent of the nonpreferred deposits; the bank was to have the privilege of substituting its own assets during the period of liquidation for those in the trust; and the stockholders were to surrender their stock with the option to repurchase.

Defendant executed and delivered his promissory note on February 28, 1927, payable to the Citizens State Bank for $2,000, an amount equal to the par value of the shares

which he owned. The note was transferred by endorsement to the Arlington Holding Corporation. Defendant executed and delivered a renewal note on January 25, 1936, and the instant action was brought by the plaintiffs as trustees of the Arlington Holding Corporation, a dissolved corporation, to recover on the renewal note. The court awarded recovery and defendant appeals.

Defendant contends that stockholders' liability was released and was unenforcible by reason of the facts and agreement above set forth; that the note given by him was without consideration and void; and that plaintiffs cannot maintain a suit to enforce the liability of a stockholder.

SDC 6.0603 (§ 8924, Rev. Code 1919) authorizes the superintendent of banks to require a bank to make good an impairment of its capital. The assessment is not a personal liability of the stockholder, but the failure to pay the assessment renders the stock liable to sale on proper notice. Ruden v. Heckenlaible, 60 S. D. 62, 243 N. W. 95. Section 3, Article 18, Constitution of South Dakota, and SDC 6.0436 (§ 8993, Rev. Code 1919) provide for a different and unrelated liability. Payment of stock assessments levied by directors under direction of the superintendent of banks under SDC 6.0603 does not discharge any part of the constitutional and statutory superadded liability. Smith v. Goldsmith, 50 S. D. 1, 207 N. W. 977; Farmers' State Bank of Lane v. Erickson, 54 S. D. 345, 223 N. W. 306; Bush v. Lien, 57 S. D. 501, 234 N. W. 29. This liability of stockholders under the provisions of the constitution and the statute commonly spoken of as a double liability is for the benefit of creditors and the bank has no authority to collect or release it. Farmers' State Bank of Lane v. Erickson, supra.

The bank was in process of liquidation when the plan of reorganization was agreed upon and there was a resumption of business. Speaking of a somewhat similar plan of reorganization under a statute enacted in Mississippi, the Supreme Court of the United States in Doty v. Love, 295 U. S. 64, 55 S. Ct. 558, 561, 79 L. Ed. 1303, 96 A. L. R. 1438, said: "All that the statute does upon its face is to change

the method of liquidation. The assets of the business are to be devoted without impairment or diversion to the payment of the debts. As to this the statute is explicit. Act of 1932, c. 251, § 3. In the discretion of the court of chancery a reopened bank is to take the place of the state superintendent for the purpose of gathering in the assets and discharging liabilities. The substitution may not be made unless the court is satisfied that the reopened bank is solvent and able to satisfy the debts to be assumed. Payment of the creditors is still the end to be attained, and resumption of business a means and nothing more. If debts are thereby swollen or assets made to shrink, the outcome is an unlooked-for incident of a method of administration conceived to be more efficient than present sale and distribution."

■ In Bush v. Lien, supra, an action brought by a deposit creditor to enforce stockholders' liability, the effect of a reorganization of a bank upon such liability was discussed at length and this court reached the conclusion that the reorganization of a bank under the statute does not relieve a stockholder from liability to existing creditors, unless the reorganization plan so provides, and then, only as to creditors consenting thereto. The reorganization agreement in the instant case makes reference to the double liability of stockholders, but contains no provision waiving or releasing such liability. We cannot say that the plan adopted by the creditors contemplated a waiver of liability. On the contrary, we believe that the agreement recognizing the liability without expressly waiving it indicates an intention that such liability be enforced.

The statute containing provisions as to the enforcement of stockholders' liability reads: "If at any time, after the closing of any bank in which the stockholders' double liability exists, it shall appear to the Superintendent that the assets of such institution are insufficient to pay its liabilities, it shall be the duty of such Superintendent to institute immediately proceedings against the stockholders for the collection of an amount, not exceeding the legal liability of such stockholders, sufficient to discharge the liabilities of

such bank. All sums so collected shall be deemed a part of the assets of such bank and be distributed pro rata to the creditors thereof in the same manner as other assets. No action by any creditor against any stockholder of any bank to enforce his liability shall be maintained, unless it shall appear to the satisfaction of the Court that the Superintendent has refused to commence action as herein provided." SDC 6.0622 (§ 8937 Rev. Code 1919).

■ The superintendent of banks is designated as the person by whom an action to enforce such liability may be brought and no action may be maintained by a creditor against a stockholder to enforce liability after the closing of a bank, unless it appears to the satisfaction of the court that the superintendent of banks has refused to bring an action. Smith v. Olson, 50 S. D. 81, 208 N. W. 585; Citizens' Bank of Parker v. Kasten, 54 S. D. 339, 223 N. W. 214; Bush v. Lien, 56 S. D. 270, 228 N. W. 372. Hence, the claim of the defendant, as stated above, is that the liability cannot be enforced against him in this action because it is not brought by the officer having authority to bring such action.

■ A stockholder in an insolvent bank has no vested right to be proceeded against in a particular procedure or by a state officer. It is within the power of the legislature within certain limits to designate the persons by whom an action to enforce such liability may be brought. Union Nat. Bank of Omaha v. Halley, 19 S. D. 474, 104 N. W. 213; Smith v. Goldsmith, supra. A statute conferring such authority in a board of trustees liquidating the assets of a closed bank was sustained by this court in the recent case of Himrich v. Walter, 63 S. D. 630, 262 N. W. 232.

■■ The superintendent of banks takes over an insolvent bank by legislative mandate and is empowered to liquidate and distribute its assets under the general supervision and control of the circuit court. SDC 6.0601 et seq.; Rundell v. Hirning, 49 S. D. 102, 206 N. W. 231; Hanson v. Sogn, 50 S. D. 44, 208 N. W. 228. The transfer of the assets of the bank under the reorganization agreement to the Arlington Holding Corporation was not a sale of such assets,

but the effect of the transaction was to change the method of liquidation. Doty v. Love, supra. The substituted agency succeeded to the powers of the superintendent of banks in liquidating and distributing the assets of the bank. It cannot be soundly contended that such agency did not also succeed to the power to enforce the liability of former stockholders. Whether amounts collected from stockholders are to be considered a part of the assets of the insolvent bank or a separate fund for the benefit of creditors, we need not determine. The right of action having accrued to the Arlington Holding Corporation, we think that there is no merit to the contention that the trustees of such liquidating agent, a dissolved corporation, may not maintain this action.

The judgment appealed from is affirmed.

All the Judges concur.