FEDERAL DEPOSIT INSURANCE CORP. OF WASHINGTON, D. C., Appellant, v. ENSTENESS, Respondent

(4 N.W.2d 209.)

(File No. 8450.   Opinion filed May 27, 1942.)

**Robert D. Jones,** of Milbank, and **Francis C. Brown,** of Washington, D. C., (**James M. Kane** and **John H. Russell,** both of Washington, D. C., of counsel), for Appellant.

**Frank S. Tait,** of Milbank, for Respondent.

WARREN, J.   The Federal Deposit Insurance Corporation of Washington, D. C., receiver of the Farmers and Merchants Bank of Revillo, South Dakota, brought action in December, 1939, against the defendant, L. E. Ensteness, on his refusal and failure to pay the assessment levied on five shares of the capital stock in said bank.   The bank had qualified and become a member of the Federal Deposit Insurance Corporation prior to July 1, 1933, and continued to be such member up to the time that it became of unsound financial condition, April 21, 1936, at which date it suspended business and its assets were taken over by the Department of Banking and Finance of the State of South Dakota by and through its superintendent of banks for the purpose of liquidation.

By proceedings in the Circuit Court the plaintiff herein was appointed receiver of the bank and thereupon took over the assets of the bank for such purposes. It would appear that the assets of the bank were insufficient to pay and retire all of the liabilities of the bank. Notice was given to the defendant apprising him of the insufficiency of the funds to pay the liabilities and a demand that he pay the full amount of his stockholder's liability.

The defendant sought to escape the liability upon the theory that at the date of the closing of the bank, stockholders of national banking corporations were exempt from liability by federal law and that before the enforcement of the defendant's individual liability the liability of state banks had been repealed by the provision of the amendment of Section 3, Article XVIII, S. D. Constitution adopted at the November 1936 election making the state and federal laws the same as to such liability.

The action was submitted upon stipulated facts to the trial court. The facts having been stipulated both parties moved the court for findings, conclusions and judgment. Findings, conclusions and a judgment were entered in favor of the defendant and against the plaintiff. The plaintiff has appealed.

The appellant predicates error in the court's adopting making and entering a portion of finding 8, to the effect that at the commencement of the action in December, 1939, there was no statute or constitutional provision which imposed any liability upon the respondent as a stockholder of the Farmers and Merchants Bank. The appellant argues that the respondent as a stockholder in the bank was liable to the creditors thereof and that the liability being contractual in its nature could not be affected by the adoption of an amendment to the constitutional provision after the bank's suspension. The proposed amendment to the constitution, Chapter 140 of the 24th Session of the S. D. Legislature, 1935, provided that an amendment should be submitted to a vote of the qualified electors of the State of South Dakota, at the general election to be held in November, 1936. Section 3 thereof reads as follows: "The shareholders or stock-

holders of any banking corporation shall be held individually responsible and liable for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock, and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders. Provided that if the shareholders and stockholders of any national banking corporation shall be exempt from liability by federal law then and in that event the liability upon shareholders and stockholders of state banking corporations herein imposed shall not be operative in the event that such [state] banking corporation has membership in the Federal Deposit Insurance Corporation."

The foregoing section was adopted at the November 1936 general election and became a part of our constitution and replaced the then existing section 3 of Article XVIII which read: "The shareholders or stockholders of any banking corporation shall be held individually responsible and liable for all contracts, debts and engagements of such corporation to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock, and such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

The respondent insists that upon the adoption of the new constitutional provision that the old provision became inoperative and void and that in effect the repealed section of the constitution must be considered as a provision which had never existed. We do not believe that contention is supported by logic nor by the authorities.

We now proceed to treat the respondent's liability in the light of our own decisions construing a stockholder's liability at the time the respondent acquired the stock. This court in a recent decision, Hopkins et al. v. Glendenning, 68 S. D. 208, 299 N. W. 905, held that the liability of the stockholders under our constitutional provision existed in the favor of and for the benefit of creditors.

In Luikart v. Heelan et al., 136 Neb. 492, 286 N. W. 780, 782, the court held and we quote:

"We must uphold the rights and obligations to just the same effect in the case at bar as though there had not been any repeal of the constitutional provision for a double liability. 13 Am. Jur. 584, sec. 573; 12 C. J. 1062; Coombes v. Getz, 285 U. S. 434, 52 S. Ct. 435, 76 L. Ed. 866; In re Westchester Title & Trust Co., 170 Misc. 860, 10 N. Y. S.2d 190; Henry v. Alexander, 186 S. C. 17, 194 S. E. 649.

"This court has recently had this same question before it, and on June 2, 1939, released the opinion in Department of Banking v. Foe [136 Neb. 422], 286 N. W. 264, 265 [123 A. L. R. 894], in which we held:

" 'The repeal of a constitutional provision, imposing double liability on corporate stockholders of an insolvent bank. not containing a saving clause, does not affect the obligation of such stockholders as to liabilities incurred by the banking institution prior to such repeal.' "

See Haberlach v. Tillamook County Bank et al., 134 Or. 279, 293 P. 927, 72 A. L. R. 1245, and annotation at page 1252 and especially note at page 1259; Luikart v. Higgins et al., 130 Neb. 395, 264 N. W. 903; White v. Idsardi, 253 App. Div. 96, 300 N. Y. S. 1239; Simons et al. v. Groesbeck, 268 Mich. 495, 256 N. W. 496; Babka Plastering Company et al. v. City State Bank of Chicago et al., 264 Ill. App. 142; Chavous v. Gornto, 89 Fla. 12, 102 So. 754; United States et al. v. Freeman et al., D. C., 21 F. Supp. 593; Allen v. McFerson, 77 Colo. 186, 235 P. 346; White, Sup't of Banks of State of New York, v. Adler et al., 255 App. Div. 580, 8 N. Y. S.2d 513; Ochiltree v. Iowa Railroad Contracting Company, 21 Wall. 249, 22 L. Ed. 546; Whitman v. National Bank of Oxford, 176 U. S. 559, 20 S. Ct. 477, 44 L. Ed. 587; Dodge v. Woolsey, 18 How. 331, 15 L. Ed. 401; Coombes v. Getz, 285 U. S. 434, 52 S. Ct. 435, 76 L. Ed. 866; Fitzpatrick's Guardian v. First National Bank of Whitesburg's Receiver, 256 Ky. 93, 75 S. W.2d 754; Pritchard v. Norton, 106 U. S. 124, 1 S. Ct. 102, 27 L. Ed. 104; 7 Am. Jur. Banks, Sec. 74; 9 C. J. S., Banks and Banking, § 78, p. 151; In re Westchester

Title & Trust Company, 170 Misc. 860, 10 N. Y. S.2d 190, 193; Commissioner of Banks v. Cosmopolitan Trust Company et al., 253 Mass. 205, 148 N. E. 609, 41 A. L. R. 658.

■■ The holding of the trial court to the effect that at the time the action was commenced there was no statute nor constitutional provision which imposed any liability upon the respondent under the facts in the case is vital and will be considered, first, upon the theory that the bank stockholder's liability is self-executing, Smith v. Olson, 50 S. D. 81, 208 N. W. 585, Hirning v. Oppold, 48 S. D. 70, 201 N. W. 721, second, that it is a primary liability of the bank stockholder under the constitution when the liability was contracted. This court in Smith v. Olson, supra, held that this primary liability of a bank stockholder under our constitution could not be varied or diminished by the legislature. There can be no question as to the stockholder's liability under the existing law before the amendment to the constitution was made effective. Can it be that this change could destroy a creditor's right to recover from the respondent? The respondent would have us believe that there is a way out; that the people substituted insurance of the deposits for the old remedy of stockholder's double liability. That we do not believe was the purpose of the amendment and in our opinion could not destroy vested rights. The respondent urges that State ex rel. Sharpe v. Smith, 58 S. D. 22, 234 N. W. 764, 778, favors their contention. In that opinion, this court recognized that vested rights could not be destroyed. Our court in that case was dealing with facts different than the facts in the instant case and therefore cannot be construed favorable to the respondent's contention if one will give consideration to the following extracts which seem pertinent to the facts before us and we quote:

"* * * the provision requiring the continuation of assessments for the old guaranty fund did not impair any contracts or destroy any vested rights of petitioners within the meaning of either the state or Federal Constitutions (Const. S. D. art. 6, § 12; Const. U. S. art 1, § 10).

"* * * when a valid law imposes a duty upon a person or corporation, the law cannot thereafter be repealed to

the prejudice of third persons who have in the meantime dealt with such person or corporation on the faith of the law. This undoubtedly is true, and in this connection petitioners cite such cases as United States ex rel. Von Hoffman v. Quincy, 4 Wall. 535, 18 L. Ed. 403, holding in substance that, when the statute authorizing a bond issue also authorizes the annual levy of a tax to meet and discharge the bond obligation, the rights of bondholders are impaired by a repeal of the law providing for the tax levy before the bonds are paid. Also Freemont, etc., Ry. [Co.] v. Pennington County, 20 S. D. 270, 105 N. W. 929, 931, wherein it is said:

" 'In counties having bonded indebtedness, sinking funds cannot be dispensed with, because they were provided for and became a part of the contract when the indebtedness was created.'

"* * * The courts properly held that under such circumstances the legal duty entered into and became a part of the contract or dealing, and could not thereafter be removed out of the situation by legislative action to the prejudice of either party. In the instant case that is not the situation."

It would appear that under the rule expressed in many of the United States Supreme Court cases and under the construction that we have given as to liability imposed upon the shareholders of banking corporations, Smith v. Olson, supra, and a line of cases following that decision, that this vested right is a property right and within the prohibition of the due process clause of the Federal Constitution. See Ettor et al. v. Tacoma et al., 228 U. S. 148, 33 S. Ct. 428, 57 L. Ed. 773.

In Bahlkow v. Preston et al., 60 S. D. 151, 244 N. W. 93, 95, this court considering the construction of constitutional and statutory provisions said: "Neither the Constitution nor the statutes should be so construed as to have a retroactive effect, unless such intention is clearly expressed. Cutting v. Taylor, 3 S. D. 11, 51 N. W. 949, 15 L. R. A. 691."

In Federal Farm Mortgage Corporation v. Noel et al., 66 S. D. 481, 285 N. W. 871, 872, this court said: "This lan-

guage might be broad enough to refer to sales made before the effective date of the act but it is a fundamental rule of statutory construction that all statutes are to be construed as having only a prospective operation unless the purpose and intention of the legislature to give them retrospective effect clearly appears. American Inv. Co. v. Beadle County, 5 S. D. 410, 59 N. W. 212. The rule is stated in the case of American Inv. Co. v. Thayer, 7 S. D. 72, 63 N. W. 233, 234, as follows: 'As a question of grammar, the phraseology of this law may include tax sales made prior to its passage; but the language used is entirely consistent with an intention that it should only be prospective in its operation, and a law will not be so construed as to give it a retroactive effect when it is capable of any other construction.' "

See Biedermann v. Mermod, Jaccard & King Jewelry Co., 210 Mo. App. 158, 242 S. W. 126; Fullerton-Krueger Lumber Company v. Northern Pacific Railway Company et al., 266 U. S. 435, 45 S. Ct. 143, 69 L. Ed. 367; Dunlap v. Littell, 200 Ky. 595, 255 S. W. 280; Paulsen v. Reinecke, 181 La. 917, 160 So. 629, 97 A. L. R. 1184; State ex rel. Scott v. Dircks, 211 Mo. 568, 111 S. W. 1; Kaliski v. Gossett, Tex. Civ. App. 109 S. W.2d 340; Hood, Commissioner of Banks, ex rel. United Bank & Trust Company et al. v. Richardson Realty, Inc., et al., 211 N. C. 582, 191 S. E. 410; Harrison v. Remington Paper Company, 8 Cir., 140 F. 385, 3 L. R. A., N. S., 954, 5 Ann. Cas. 314; Myers v. Knickerbocker Trust Co., 3 Cir., 139 F. 111, 1 L. R. A., N. S., 1171; State ex rel. Stutsman v. Light, 68 N. D. 513, 281 N. W. 777; State ex rel. Mathews v. Houndersheldt, County Auditor, 151 Minn. 167, 186 N. W. 234; Adair et al. v. Miller, County Treasurer, 109 Neb. 295, 190 N. W. 865.

■ The respondent contends that the appellant has not sustained its cause of action. The record before us indicates that both parties proceeded on the theory that there was no dispute as to facts. There seems to have been no question in the court below as to the appellant's adequacy of proof. The real question seems to have been whether the amendment to the Constitution relieved the defendant of his liability as a stockholder of the bank. The stipulation en-

tered into by the parties at the trial so indicates. Respondent in his summary of argument indicates five contentions. The first three have heretofore been considered. The fifth contention that SDC 6.0626 requires that the action be brought in the name of the Superintendent of Banks. In considering this contention it is well to refer to SDC 6.0624 to SDC 6.0627, both inclusive. It will be observed that there is considerable latitude given to the Federal Deposit Insurance Corporation in SDC 6.0627. It gives it title to all the assets, business and property of such bank of every kind and nature for the. benefit of the creditors. It gives it power to assign and transfer property. It also includes the rights and powers upon an order of the judge of the circuit court to enforce the individual liability of the stockholders and directors of any such bank.

We believe that this court has covered the respondent's contention that the Superintendent of Banks was the proper party to bring the action in a recent decision, Hopkins v. Glendenning, 68 S. D. 208, 299 N. W. 905, 907, in which we touched upon the statutory authority of bringing an action and enforcing the liability and we said:

"A stockholder in an insolvent bank has no vested right to be proceeded against in a particular procedure or by a state officer. It is within the power of the legislature within certain limits to designate the persons by whom an action to enforce such liability may be brought. Union Nat. Bank of Omaha v. Halley, 19 S. D. 474, 104 N. W. 213; Smith v. Goldsmith, supra [50 S. D. 1, 207 N. W. 977]. A statute conferring such authority in a board of trustees liquidating the assets of a closed bank was sustained by this court in the recent case of Himrich v. Walter, 63 S.D. 630, 262 N.W. 232.

"The superintendent of banks takes over an insolvent bank by legislative mandate and is empowered to liquidate and distribute its assets under the general supervision and control of the circuit court. SDC 6.0601 et seq.; [authorities]. * * * The substituted agency succeeded to the powers of the superintendent of banks in liquidating and distributing the assets of the bank. It cannot be soundly con-

tended that such agency did not also succeed to the power to enforce the liability of former stockholders."

United States et al. v. Freeman et al., D. C., 21 F. Supp. 593. See Babka Plastering Co. et al. v. City State Bank of Chicago et al., 264 Ill. App. 142.

This in connection with a review of authorities we have made should be sufficient upon the point in respondent's questioning the appellant's authority in bringing this action.

For all of the foregoing, we are of the opinion that the learned trial judge erred in making findings, conclusions and judgment in favor of the defendant.

The judgment appealed from is reversed.

POLLEY, ROBERTS, and SMITH, JJ., concur.

RUDOLPH, P.J., concurs in result.